### *Frederick Depeyster* v. *Willett Warne.*

HARISON moved to set aside the default, interlocutory judgment, and all subsequent proceedings, on affidavits of the defendant's attorney and his clerk, stating notice of retainer served at the office of the opposite attorney, which was acknowledged to have been received by a person then in the office of the plaintiff's attorney, and acting either as clerk, agent or partner, and also setting forth service of notice of special bail having been filed, an entry of which, and of service of retainer, was made in the register of the deponent.

*Evertson* opposed the application on an affidavit made by himself, stating the debt to be on a promissory note, in which there was no defence, and that if the defendant could make any, he had several times offered to give up the judgment. That the person mentioned in the affidavits on behalf of the defendant as being a clerk, agent, or partner, was neither the one nor the other; that neither the defendant nor any of the clerks knew of any person being retained as an attorney for the defendant, though in the regis-

May Term,
1804.

ter of the deponent, was entered a receipt of a service of notice of bail. That the defendant was in execution, and an insolvent. From these circumstances, and because the defendant had not sworn to merits, it was contended that the default and proceedings ought to stand.

*Per Curiam.* There is strong reason to believe that notice of retainer was duly served, and though no merits are sworn to, we cannot depart from our rules. Let the default, judgment, and all subsequent proceedings be set aside with costs; but on condition that the defendant does not bring any action for false imprisonment.