[No. 2621. Decided November 27, 1897.]

HERMAN F. TITUS, *Respondent*, v. PETER LARSEN, *Appellant*, PATRICK WELCH *et al.*, *Defendants*.

DEFAULT JUDGMENT — SETTING ASIDE — SUFFICIENCY OF SHOWING — INTEREST.

A default judgment should be set aside upon application therefor made with due diligence when a showing is made by defendant that he had a meritorious defense, either in whole or in part to the action; that he had employed an attorney to appear and defend, but that owing to a mistake on the part of the defendant as to time of service upon him, he had notified his attorney that service was one day later than in reality; that service had been had upon him and an attorney employed in another city than the one in which the action was instituted; that neither defendant nor his attorney discovered the error until the day upon which plaintiff was entitled to a default; and that an attorney was immediately employed by telegraph in the city where the action was pending to secure an extension of time for appearance, and that due effort was made therefor but that default had been obtained shortly prior thereto.

A default judgment awarding interest at the rate of ten per cent. is erroneous, when the complaint contains no allegation of an agreement as to the rate of interest.

Appeal from Superior Court, King County.—Hon. THOMAS J. HUMES, Judge. Reversed.

10—18 WASH.

*Brady & Gay*, and *Milo A. Root*, for appellant.

*Pratt & Riddle (Robert F. Booth*, of counsel), for respondent.

The opinion of the court was delivered by

Scott, C. J.—The plaintiff brought suit against the defendants in the superior court of King county for moneys had and received, alleging a balance due him thereon. The appellant was served with process on the 18th day of December, and on the morning of the 8th day of January following a judgment was rendered against him by default. On the 12th day of January the appellant petitioned the court to set aside said judgment, and in support thereof made a showing that the process was served upon him in the city of Spokane, whereupon he took the papers to his attorney, residing at Spokane, and employed him to look after the cause, his said attorney agreeing so to do; that he left the matter entirely in the hands of his said attorney and supposed that his appearance had been entered until he learned to the contrary on the 8th day of January, and that a default judgment had been taken against him; that appellant was at that time in the city of Seattle and received said information by way of a telegram from his attorney; and that immediately upon receipt of the telegram he employed a firm of attorneys at Seattle, stating to them the circumstances of the case. He also stated in his petition that he believed at all times that the date of the service of the process upon him was the 19th day of December, instead of the 18th, and that he marked the papers as having been served upon him on the 19th when he delivered them to his attorney at Spokane; that he believed his said attorney would have appeared in the action within twenty days after the 19th day of December, and that he believed that said appearance was not entered by reason of his mistake

in regard to the date of the service of the process.   He also
made a showing that he had been advised by his attorneys
that he had a good defense.   This petition was denied by the
court on the 18th day of January.   Thereafter appellant
moved the court for a rehearing of the order denying his pe-
tition, which was heard on January 23d.   He made an ad-
ditional showing in substance as follows:   One J. W. Cath-
cart made an affidavit that he was a clerk in the office of
Burke, Shepard & McGilvra, attorneys at law in the city
of Seattle, and that on the morning of January 8th said
firm received a telegram from appellant's Spokane attor-
ney asking them to see the attorneys for the plaintiff, and
get a stipulation from them extending the time of appear-
ance in said action;   that said affiant took entire charge of
the matter for said firm, immediately prepared a stipula-
tion, went to the office of the plaintiff's attorneys to get
their signature to the same at about a quarter of ten on the
8th day of January aforesaid, and upon arriving at the of-
fice of said attorneys ascertained that one of them, who
had charge of the matter, was then at the courthouse;   and
that he immediately went to the court-house with the stipu-
lation, and upon arriving there was informed that judg-
ment had been taken in said action.

An affidavit of Jay H. Adams, appellant's said attorney
residing at Spokane, was also submitted, showing that he
understood the process had been served on the appellant
on the 19th day of December, and, relying thereon, he had
arranged for and intended being in Seattle on the 8th day
of January to plead in said cause for defendants;   and of
his telegraphing to Burke, Shepard & McGilvra.

A contrary showing was made by the plaintiff to the ef-
fect that said defendant and his attorney residing at Spo-
kane knew that service had been made upon the 18th day of
December, etc.

The court refused to re-open the matter, stating that he had considered the entire showing, and thought that defendants had failed to show that they had a meritorious defense, and that a mere error as to the time of service was not sufficient to warrant the court in vacating the judgment, and this appeal was taken.

The appellant used due diligence in undertaking to get the judgment set aside upon learning that his appearance had not been entered in said action, and that the judgment had been taken, and we are fully satisfied that he intended to make a defense and was laboring under a mistake as to the date of the service. The request to extend the time was made immediately after the taking of the default, and the showings made at both times in support of his application were made without unnecessary delay, it unavoidably having taken some time to obtain the affidavits aforesaid. A number of decisions by this court have been cited by the parties upon this matter, the respondent especially relying upon the case of *Sanborn, Vail & Co. v. Furniture Mfg. Co.*, 5 Wash. 150 (31 Pac. 466), where it was said that the court would not interfere in such matters unless the action of the court below was so clearly erroneous as to warrant this court in finding that it had not acted in good faith. But the language there used has been modified in later decisions, especially in the case of *Reitmeir v. Siegmund*, 13 Wash. 624 (43 Pac. 878), cited by the appellant, where an appeal was taken from an order of the court setting aside the judgment upon a similar mistake, though a longer time had elapsed. The court said it would have been an abuse of discretion for the lower court not to have granted the order vacating the judgment. Of course there might be good grounds for denying a motion to vacate a judgment, where there was a delay only of one day, and there might be good cause for granting it where there was a longer de-

lay. Each case must depend upon its own circumstances. And, while such matters are addressed to the discretion of the lower court, it is still a legal discretion, to be exercised in a manner to subserve the ends of justice.

It is not necessary to consider whether the appellant had a defense to the entire cause of action, as is claimed, for we are of the opinion that he had at least a defense to a part of the claim, and that was sufficient upon which to base the petition for a vacation of the judgment. The complaint prayed for interest at the rate of ten per cent., but contained no allegation of any agreement upon the part of the defendants to pay said, or any, rate of interest. It is conceded that interest at the rate of ten per cent. was included in the judgment, and this was error.

It was further contended by the appellant that the plaintiff was not entitled to any interest at all, and also that he had paid him the full amount due him prior to the commencement of the action. The claim that the plaintiff was not.entitled to any interest is based upon the proposition that the complaint contained no allegation of a demand for the moneys. The complaint does state generally that a demand was made, but does not allege the date of making it. We find it unnecessary to consider this matter, for the plaintiff may amend his complaint, and the question as to the right of the plaintiff to recover interest, if he recovers at all, may arise upon a different state of facts from that presented by the complaint as it stands. But the appellant having a defense in part to the plaintiff's cause of action, and having made a sufficient showing, in our opinion, for the vacation of the judgment, the refusal of the court to set it aside was not the exercise of a sound discretion imposed upon the court in such matters, and the cause is reversed and remanded for further proceedings.

ANDERS, REAVIS, DUNBAR and GORDON, JJ., concur.