### MANWARING v. LIPPINCOTT et al.

(Supreme Court, Appellate Division, First Department. June 22, 1900.)

1. DEFAULT—APPEARANCE.

    Where defendant, after default entered against him for failure to plead, served notice of his appearance on plaintiff before the entry of final judgment, a motion to compel plaintiff to accept this notice should have been granted; for defendant is entitled to appear at any time before entry of final judgment, and such appearance would entitle him to notice of all subsequent proceedings in the action.

2. JUDGMENT—SETTING ASIDE DEFAULT.

    Defendant was sued as executor and trustee under a will, the validity of which was in dispute. He erroneously supposed he was under no obligation to answer until after the probate of the will, and judgment by default was taken against him for failure to plead. After probate of the will, and within 22 days after qualifying as executor, he applied for leave to appear and answer. Held, that the default should have been set aside, and leave to answer granted.

Appeal from special term.

Action by Maude Manwaring against Harold Lippincott, as executor and trustee under the last will and testament of Mabel Westerman, deceased, impleaded with others. From an order denying a motion for leave to appear and answer, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Francis P. Garven, for appellant.

L. A. Gould, for respondent.

INGRAHAM, J. The action was brought to partition certain real property, the controlling question being the validity of the will of one

Mabel Westerman. The appellant was made a party defendant as executor of and trustee under the said will, which, from the papers, appears to have devised the real estate in question to him in trust. The summons and complaint were served upon the appellant on July 14, 1899. At that time the will had been offered for probate, but there had been objections filed thereto, which were undetermined. The appellant failed to appear and answer within 20 days after the service of the summons and complaint. On December 5, 1899, the surrogate admitted the will to probate; and on January 4, 1900, the appellant duly qualified, and letters were issued to him. On December 18, 1899, the appellant served a notice of appearance on the plaintiff's attorney, which the plaintiff's attorney returned upon the ground that the defendant was in default, and the paper was served too late. On January 26, 1900, an order was granted requiring the plaintiff to show cause why the notice of appearance should not be received by the plaintiff, which motion was denied. On the 27th day of January, 1900, the appellant also obtained an order requiring the respondent to show cause why the appellant should not be allowed to appear and answer the complaint, which motion was also denied. Subsequently an application was made to resettle these orders, which was denied, and the appellant appeals from the orders denying these three motions.

The notice of appeal clearly brings up for review each of the three orders. There is no objection to including in one notice of appeal several interlocutory orders made in an action, and, when the notice of appeal clearly indicates that it is the intention to review an order therein described, such order is before the appellate court for review. The refusal of the plaintiff's attorney to accept the notice of appearance served on him by the defendant was not justified. The defendant has the right to appear at any time before the entry of final judgment, and such appearance gives him the right to notice of all subsequent proceedings in the action. The fact that his time to answer had expired, and he was thus in default in the service of an answer, does not prevent him from appearing in the action. The order denying the appellant's motion to compel the respondent to accept his notice of appearance must therefore be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

We think, also, that the default of the appellant should have been opened, and he be allowed to serve his answer, a copy of which was annexed to the moving papers. The action relating to real estate, the probate of the will by the surrogate is only prima facie evidence of its due execution. If the will was valid, the title to the real property therein disposed of vested in the appellant, as trustee, and he was a proper and necessary party defendant. The devise to defendant being in trust, it was his duty to defend his title and to establish this will; and, while he was in default in not appearing and answering the complaint within the time allowed, the fact that he misconceived his duty, in considering that he was under no obligation to answer until the will was admitted to probate, would not justify the court in refusing to open the default. The respondent seeks to sustain the order because of the delay in making this motion. The appellant, however,

did not qualify as executor until January 5, 1900, and the motion was made on the 27th day of the same month. We do not think that this is such a delay as should deprive the defendant of the opportunity of defending the action. As it appears that the action has been referred to a referee, this order should be granted upon the condition of appellant's paying to the plaintiff's attorney the costs after notice of trial, and $10 costs of opposing this motion, stipulating that the issue raised by this answer should be referred to the same referee to hear and determine; all evidence taken before the referee prior to the service of the answer to stand as evidence in the case; the appellant, however, to have the right to recall the witnesses examined, for cross-examination, and to move to strike out any testimony taken in his absence which may be incompetent, and to introduce such evidence as may be pertinent to the issues.

The order denying the appellant's motion for leave to answer should therefore be reversed, and the motion granted upon the terms before indicated, without costs of this appeal. The appellant also appeals from the order denying a motion to resettle the order. As there is no appeal from such an order, that appeal must be dismissed, with $10 costs. All concur.