[No. 4135. Decided July 14, 1902.]

E. C. MILLION, *Appellant,* v. R. O. WELTS, *as Treasurer of Skagit County, Respondent.*

TAXATION — IMPROVEMENT LOCATED ON SEVERAL LOTS — EFFECT WHEN ASSESSED TO ONE LOT.

Where an improvement upon real estate is situated upon three lots, occupying all alike and used for one purpose by the

same owner, the tax assessed on the three lots, lands and improvements together, must be paid as levied upon the property as a whole; and the fact that the assessor charged the improvement against but one of the lots would not warrant the issuance of a delinquency certificate upon tender of the tax assessed against the two other lots, based upon their value as land alone without improvements.

Appeal from Superior Court, Skagit County.—Hon. GEORGE A. JOINER, Judge. Affirmed.

*Million & Houser,* for appellant.

*M. P. Hurd,* for respondent.

The opinion of the court was delivered by

REAVIS, C. J.—Application for mandamus to compel the treasurer of Skagit county to issue to plaintiff certain certificates of delinquency for unpaid taxes due upon real property situated in Anacortes. The facts found by the court are that plaintiff duly tendered the delinquent taxes upon lots 8 and 9 of block 6, and demanded certificates therefor; that upon these two lots and the adjoining lot, No. 10, of said block, is situated a large two-story brick building, outhouses, and fencing, all inclosed together, all used together, and forming one complete improvement; that all said three lots were and now are owned by the same owner, and the taxes were assessed to said owner; that said building and improvements are incapable of division, and the structure and lots constitute, in their use and ownership, one indivisible property; that each of such lots was listed separately by number, and is described upon the assessment roll separately, with a separate valuation; that the said brick structure was appraised and assessed as upon lot 10, and that the taxes levied upon the lot are small sums, while the tax levied on the value of the brick structure is many times more than the value of the lots, and a

large sum. Plaintiff offered to pay the small amounts levied
upon lots 8 and 9. The treasurer demanded payment of
all the taxes assessed upon the property as a whole, dis-
regarding the segregation into lots, and refused to issue
the delinquent certificates for lots 8 and 9, as demanded
by the plaintiff. There were also three other lots, in block
142, for which plaintiff tendered the delinquent taxes as-
sessed, and upon four lots of which the situation of im-
provements was similar to that of those in block 6, just
mentioned. The court ruled upon these facts that the brick
building situated upon the several lots and owned and used
by the same owner, must be taxed as one property, and
denied the writ.

The conclusion of the superior court is approved. It is
apparent that a large brick building, situated upon three
lots, occupying all alike, and used for one purpose and by
the same owner, cannot be listed and assessed upon lot 10
only. The entire tax assessed on the three lots, land and im-
provements together, must be paid as levied upon the prop-
erty as a whole. It has been observed the same facts apply
to both properties mentioned in the petition for the writ.

The judgment is affirmed.

ANDERS, MOUNT, WHITE, FULLERTON, HADLEY and
DUNBAR, JJ., concur.