[No. 4594. Decided July 7, 1903.]

OLOF SWANSON *et al., Respondents,* v. HELEN M. HOYLE, *Appellant.*

SUMMONS — SERVICE BY PUBLICATION — SUFFICIENCY OF AFFIDAVIT.

An affidavit for publication of summons reciting that affiant is one of the attorneys of plaintiffs will be presumed in aid of

judgment as stating the truth, where that fact is not negatived by the record, even if affiant's name was not signed to the complaint as an attorney in the cause.

SAME — AUTHORITY OF ASSISTANT PROSECUTING ATTORNEY IN TAX FORECLOSURE PROCEEDINGS.

An assistant prosecuting attorney is *ex officio* one of the attorneys for plaintiff, where an action for foreclosure of a delinquency tax certificate is brought by the prosecuting attorney under laws 1899, p. 296.

TAXATION — FORECLOSURE OF DELINQUENCY CERTIFICATES — SEVERAL JUDGMENT — SEPARATE LOTS JOINTLY ASSESSED.

Under Laws 1899, p. 300, which provides that, in cases of tax foreclosure, the "judgment shall be a several judgment against each tract or lot or part of a tract or lot for each kind of tax or assessment included therein," a judgment of foreclosure against two lots jointly is a several judgment, where it appears that the two lots constitute but one indivisible tract by reason of their use as one tract in connection with a building erected upon both lots.

SAME — PLEADING.

In an action for the foreclosure of a tax delinquency certificate issued by the county treasurer, upon two lots, it is unnecessary to aver in the complaint that the two lots constitute one indivisible tract, as the presumption is the officer would not have issued the certificate in that form unless such were the fact.

VACATION OF JUDGMENT — ANSWER BY DEFENDANT — HARMLESS ERROR.

Permitting the defendant in a proceeding for the vacation of a judgment to file an answer to the petition, although Bal. Code, § 5157, provides that "the petition shall be deemed denied without answer," would not be prejudicial, where no other proof was offered by defendant than such as was admissible without an answer.

SAME — JUDGMENT INCLUDING ILLEGAL TAX.

The fact that judgment upon a tax foreclosure included taxes not lawfully assessed against the property is not ground for the vacation of the judgment, where the owner has been regularly summoned to appear and has had an opportunity to defend against the legality of any portion of the tax.

SAME — DISCRETION OF COURT — REVIEW ON APPEAL.

The refusal of the trial court to vacate a default judgment taken against a non-resident upon the ground that it was

obtained against her by mistake, inadvertence, or excusable neglect does not show such an abuse of discretion as to warrant interference by the appellate court, where it appears that for a period of five years no taxes were paid on the property by the owner and no excuse was shown for their nonpayment, that one of her local agents was unaware that she owned the property, and others of her agents neglected to make payment, and no inquiry was made by her concerning such neglect.

Appeal from Superior Court, Pierce County.—Hon. WILLIAM H. SNELL, Judge. Affirmed.

*Frank D. Nash,* for appellant.

*Ellis & Fletcher* and *Frank H. Graham,* for respondents.

The opinion of the court was delivered by

MOUNT, J.—Prior to the commencement of this action appellant was the owner of lots 1 and 2 in block 2 of Noble's addition to Tacoma. About May 31, 1901, respondents purchased a certificate of delinquency for taxes due against these lots for the year 1897, paying therefor the sum of $24.43. They also paid taxes against the property for the years 1898, 1899, and 1900. In July, 1901, they brought an action in the superior court of Pierce county to foreclose such certificate. The summons in said action was served on appellant (who was then and is now a nonresident of the state) by publication. The action was brought by the prosecuting attorney of Pierce county. The affidavit for publication was made by his assistant, who stated in the affidavit that he was one of the attorneys for the plaintiffs. On September 23, 1901, a decree was entered by default for the sum of $94.45, being the amount found due for taxes, interest, and costs. Thereafter, on October 5, 1901, the property was sold pursuant to said decree and a deed issued to respondents therefor. The lots

above described were assessed and taxed separately. The judgment entered was not a separate judgment against each lot, but a judgment against both lots for the amount of taxes due thereon. These two lots had been for many years inclosed by a fence owned by the same owner, and the building thereon actually stood on both lots, half thereof on each lot. Subsequent to the time of the sale the defendant learned that her property had been sold for taxes.

On June 26, 1902, she filed a petition to vacate the judgment, and to set aside the sale and deed issued under the foreclosure proceedings above stated. This petition set out substantially the following reasons why the decree and sale should be vacated: (1) That the summons in said action was not signed by the holders of the certificates of delinquency, but was signed by F. Campbell, their attorney. (2) That the affidavit upon which publication was based was made by C. O. Bates, who was not the attorney of record in the case. (3) That the judgment entered was not a several judgment against each lot for the taxes assessed against it; that neither in the complaint, summons, nor notice was the amount due for taxes, interest, and penalties on each lot described; that the judgment was for a lump sum against both lots; and that in the report of sale the amount due on each lot was not stated. (4) That said lots, prior to 1891, were outside the limits of the city of Tacoma; that a bonded indebtedness was incurred by the city of Tacoma prior to the time when said lots were included within the limits of said city; that during the year 1897 the city illegally levied a tax against said lots for the purpose of paying interest on said bonded indebtedness incurred before said lots were a part of said city; and that said illegal tax was included in and formed a part of the same for which judgment was entered. (5) That the defendant had no knowledge that suit had been brought to

foreclose a lien for taxes against her property until about the month of May, 1902; that she supposed the taxes against her property had been paid by her agents in Tacoma; that, upon learning of such sale, defendant tendered to each of the purchasers the sum of $115 for such taxes and costs, and offered to pay such additional sum as had been expended by plaintiffs on account of such property, which tender and offer were refused; that the said lots were of the value of about $1,000.

After plaintiffs' demurrer to this petition had been denied by the court, an answer was filed, denying each of the matters set out above as reasons for vacating the judgment, and pleading affirmatively that the two lots were one tract, incapable of being subdivided by reason of the improvements thereon; that the taxes could not be segregated; that proofs thereof were made at the time of judgment; and that plaintiffs, since the purchase thereof, had expended about $400 in improvements upon the property. A reply was filed by petitioner.

Upon a hearing of the petition, defendant offered to prove the allegation that the levy against the lots for the purpose of paying interest on the bonded indebtedness incurred before the lots were included in the city amounted to 97 cents, and was included in the judgment, which offer was rejected. The defendant then showed that she did not know that her taxes against these lots had not been paid, and that the agent in Tacoma, being away from the city, had neglected to pay the same for the years 1897, 1898, 1899, and 1900. Defendant then offered to show that the lots were assessed separately, which was denied. Plaintiffs then were permitted to show that there was a building on the two lots, partly on one and partly on the other, and that the property was an indivisible property. Judgment was

then entered dismissing the petition. Defendant appeals from this judgment.

Appellant bases her cause for reversal of the judgment upon four points, as follows: (1) The action was brought by F. Campbell, as attorney, the affidavit upon which publication of summons was made by C. O. Bates, and there is nothing in the record to in any way connect C. O. Bates with the case, except the statement in the affidavit made by him that he is one of the attorneys for the plaintiffs. (2) The judgment entered in the foreclosure action should have been a separate judgment against each lot for the taxes and penalties and interest against such lot. If the property was so situated, by reason of improvements covering both lots, that it was proper to assess and levy one tax against both lots, that fact should have appeared in the original summons and application for judgment, and proof should have been given of that fact before judgment was entered, and not when application was made to vacate the judgment. (3) Because there was included in the judgment the illegal tax for the year 1897 for taxes levied to pay the interest on the bonded debt of the city of Tacoma, incurred before the lots in question were a part of said city. (4) Because, under the showing made, the court should have opened and vacated the judgment under §§ 4953, 4880, and 5153 of Ballinger's Code. We shall consider these points in the order stated.

1. The sufficiency of the affidavit and the summons is not questioned, except in the fact that C. O. Bates, who made the affidavit, did not sign the complaint as one of plaintiffs' attorneys. The statute, at § 4877, Bal. Code, authorizes publication of summons "upon the filing of an affidavit of the plaintiff, his agent or attorney." The affidavit in this case shows that the affiant is one of the

plaintiffs' attorneys. In the absence of any showing to the
contrary, this was sufficient. The court was a court of gen-
eral jurisdiction, and every fact not negatived by the rec-
ord must be presumed to support the decree. *Belles v.
Miller,* 10 Wash. 259 (38 Pac. 1050) ; *Kalb v. German
Savings & Loan Society,* 25 Wash. 349, 357 (65 Pac. 559,
87 Am. St. Rep. 757). But further than this, it appears
that the action was brought by the prosecuting attorney of
Pierce county, as required by Laws 1899, p. 296, ch. 141,
and that Mr. Bates was the assistant prosecuting attorney,
which made him attorney for the plaintiffs.

2. It is true the law provides that, in cases of tax fore-
closure, the "judgment shall be a several judgment against
each tract or lot or part of a tract or lot for each kind of
tax or assessment included therein" (Laws 1899, p. 300,
ch. 141), and that the treasurer shall sell to the person "of-
fering to pay the amount due on each tract or lot for the
least quantity thereof" (Laws 1899, p. 301, ch. 141). The
reason for this rule is that the owner might want to redeem
one lot or tract and not another (*Lockwood v. Roys,* 11
Wash. 697, 40 Pac. 346), and that, where a lot or tract
is susceptible of division into smaller parcels than the
whole, certain of these lots might be sufficient to pay the
whole tax and leave the rest of the tract free to the owner.
But where the lots or tracts are not capable of subdivision,
by reason of improvements thereon, such as one building
covering the whole of two or more lots, it was not intended
that in such event the sale should be limited to a part of
the tract or lot, where such part was incapable of being
separated from the whole. It was only where the least
quantity thereof was capable of subdivision that the legis-
lature intended that a smaller part than the whole might
be sold. This question arose in *Million v. Welts,* 29 Wash.

106 (69 Pac. 633), where an application was made to the treasurer of Skagit county to purchase a certificate of delinquency against two lots upon which a large brick building was located, which building also covered a third lot, and where the taxes were assessed separately against each lot, but where improvements thereon were assessed to the third lot. When the applicant made application to purchase a certificate of delinquency against the two lots, the treasurer demanded payment of all taxes assessed upon the property as a whole, disregarding the segregation into lots, and refused to issue a certificate for less than the whole tract. This court held that "the entire tax assessed on the three lots, land and improvements together, must be paid as levied upon the property as a whole."

If the treasurer could not be required to issue a certificate upon each tract or lot, because of the indivisibility thereof, it follows that, where a certificate is issued upon several tracts, it must be presumed, until the contrary appears, that such certificate is regular, and is issued upon an entire indivisible tract, because the officer is presumed to do his duty. It was, therefore, not necessary to allege in the complaint in foreclosure that the two lots were in fact one indivisible tract. Furthermore the statute provides:

"In all judicial proceedings of any kind for the collection of taxes, assessments and the penalties, interest and costs thereon, all amendments may be made which by law can be made in any personal action pending in such court, and no assessments of property or charge for any of said taxes shall be considered illegal on account of any irregularity in the tax lists or assessment rolls or on account of the assessment rolls or tax lists not having been made, completed or returned within the time required by law, or on account of the property having been charged or listed in the assessment or tax lists without name or any other name

than that of the owner, and no error or informality in the
proceedings of any of the officers connected with the assess-
ment, levying or collection of the taxes, shall vitiate or in
any manner affect the tax or the assessment thereof, and
any irregularities or informality in the assessment rolls
or tax lists or in any of the proceedings connected with the
assessment or levy of such taxes or any omission or defect-
ive act of any officer or officers connected with the assess-
ment or levying of such taxes, may be, in the discretion of
the court, corrected, supplied and made to conform to law
by the court. The court shall give judgment for such taxes,
assessments, penalties, interest and costs as shall appear to
be due upon the several lots or tracts described in said no-
tice of application for judgment or complaint, and such
judgment shall be a several judgment against each tract or
lot or part of a tract or lot for each kind of tax or assess-
ment included therein, including all penalties, interest and
costs, and the court shall order and direct the clerk to make
out and enter an order for the sale of such real property
against which judgment is made, or vacate and set aside
the certificate of delinquency or make such other order or
judgment as in law and equity may be just." Laws 1899,
p. 299, ch. 141, § 18.

Under this section it is clear that the legislature in-
tended that the court should be liberal in enforcing the col-
lection of the tax, and in pronouncing judgment as the
justice of the case demands, and that a judgment should
be a several judgment against each tract or lot, or part of
a tract or lot. So that, if two or more lots or parcels be
adjudged an indivisible tract, the judgment should be pro-
nounced against the same as one lot or tract, even though
the assessment were against each lot separately. Under no
other theory can the case of *Million v. Welts, supra,* be
justified. When the court in this case rendered judgment
against the two lots as one tract, it must be presumed, in
the absence of anything to the contrary, that the court
found upon sufficient evidence that the two lots constituted

one tract. If the court erred in the judgment in this respect, that error cannot be corrected on this appeal. *Kuhn v. Mason,* 24 Wash. 94 (64 Pac. 182). It appears, however, and is not disputed, that the two lots constitute one indivisible tract. This fact is conceded. This being true, the allegation that the judgment was not a several judgment must necessarily fail.

Appellant argues that it was error of the court to permit respondents to file an answer to the petition. The statute (Bal. Code, § 5157) provides as follows:

". . . The facts stated in the petition shall be deemed denied without answer, and defendant shall introduce no new cause, and the cause of the petition shall alone be tried."

This statute does not preclude the defendant from offering any evidence he may have to rebut the evidence of the facts alleged in the petition. Respondents were certainly authorized to offer any evidence admissible under a general denial. Their answer amounted to nothing more than a denial, and no proof was offered or received, which was not admissible without an answer. There was, therefore, no harm in filing the answer.

3. It is next insisted that the judgment should have been vacated because there was an illegal tax, amounting to 97 cents, for the year 1897, which was included in the judgment. A number of authorities are cited to the effect that a sale for taxes more than are lawfully chargeable is a sale without jurisdiction, and therefore void. This rule is possibly correct where the sale is made upon an assessment and levy by ministerial officers, and where there is no opportunity to test the legality of the tax until after sale. But where the sale is made upon a judgment by a court of general jurisdiction, and where the owner of the property

is regularly summoned to appear, and has an opportunity to defend against any irregularity of the tax levy or the amount of the tax, and neglects to do so, and where the court has jurisdiction to give judgment for the amount of the taxes which shall appear to be due, and which appears in law and equity to be just, as is the rule under the statute above quoted, a different rule applies. *Kizer v. Caufield,* 17 Wash. 417, 425 (49 Pac. 1064). If the 97 cents was not properly chargeable against the property, the defendant could have defended against the judgment to that extent. Objections of this character are matters of defense to the original action. They are not matters which could be properly considered in the case at bar, because this is not an action to correct errors. It is one to vacate the whole judgment. If errors which could have been avoided by the appearance of the defendant have crept into the judgment by reason of his default, he cannot complain thereof, after judgment is entered, where the court has jurisdiction.

4. It is urged that the trial court should have vacated the judgment and relieved the appellant therefrom, on account of her mistake, inadvertence, surprise, or excusable neglect. The sections of the statute relied upon by appellant vest in the trial court a discretionary power to vacate the judgment upon these grounds. This discretion will not be interfered with by an appellate court, where there is no abuse thereof. *Titus v. Larsen,* 18 Wash. 145 (51 Pac. 351); *Sturgiss v. Dart,* 23 Wash. 244 (62 Pac. 858). It is true that courts should be liberal in granting leave to answer, and that relief must be granted in a plain case in order to subserve the ends of justice. *Hull v. Vining,* 17 Wash. 352 (49 Pac. 537). But we think no such inadvertence or excusable neglect is shown in this case as to

warrant us in finding an abuse of discretion on the part of the lower court. The evidence discloses that for a period of five years no taxes were paid by the owner on the property sold. One of her local agents did not know that appellant owned the property. Others without excuse neglected to pay the taxes, and no inquiry was made about the same. No excuse is shown why they were not paid. It is common knowledge that taxes are due each year. It is not surprising, therefore, that at the end of five years the owner should find that some steps had been taken to collect the taxes under the revenue act. Common prudence would dictate that inquiry at least should be made as to the condition of taxes due, and what steps were being taken to enforce collection; but none appears to have been made in this case until after judgment and sale, and until after the purchaser had taken possession and made valuable improvements thereon.

Finding no reversible error in the record, the judgment is affirmed.

FULLERTON, C. J., and HADLEY, ANDERS and DUNBAR, JJ., concur.