O. A. BRASETH v. COUNTY OF BOTTINEAU, A MUNICIPAL CORPORATION.

Opinion filed August 27, 1904.

**Opening Default Judgment — Mistake — Prompt Motion for Relief.**

1. The trial court did not abuse its discretion in vacating a default judgment, where the default was in the service of answer, and for but one day, and arose from a mistake as to the date of service of the summons and complaint, and the defendant moved promptly for relief.

**Affidavit of Merits — Verified Answer.**

2. Under the practice established in this state it is necessary that a motion to vacate a default judgment shall be accompanied by an affidavit of merits, and good practice also requires a verified answer. But the latter is not indispensable when the defense is stated in the affidavit of merits.

**Affidavit of Merits by State's Attorney.**

3. Where an affidavit of merits, made by the state's attorney on behalf of his county, and as its attorney in the action, states that the defendant has a good and sufficient defense, as shown by its answer, which is attached to and made a part thereof, it is sufficient as an affidavit of merits, and will sustain the order vacating the judgment.

Appeal from District Court, Bottineau county; *Cowan, J.*

Action by O. A. Braseth against the County of Bottineau. Judgment for defendant, and plaintiff appeals.

Affirmed.

*B. G. Skulason,* for appellant.

Affidavit should be made by the chairman of defendant's county commissioners, not the attorney. The only reason for the failure to answer was the negligence of such chairman in not correctly informing the state's attorney of the correct time of service of summons. The excuse is entirely insufficient. Elliott v. Shaw, 16 Cal. 377; 6 Enc. Pl. & Pr. 162; Union Hide, etc., Co. v. Woodley, 75 Ill. 435; Shay v. Chicago Clock Co., 44 Pac. 237; Welch et al. v. Challen, 3 Pac. 314.

Every consideration of expediency and justice is opposed to opening a default judgment, unless it appears that the judgment as it stands is unjust. Parrott v. Den, 34 Cal. 79.

The requirements of reopening a default judgment are, 1st, a sufficient affidavit of merits; 2d, service of proposed verified answer with moving papers; 3d, trial court may accept an affidavit setting out a valid defense, in lieu of a verified answer. Wheeler v. Castor, 11 N. D. 347, 92 N. W. 381.

When affidavit is made by an agent or attorney, he should swear to his belief of a defense on the merits, to his knowledge of the defense, and from whom he derived it. 1 Enc. Pl. & Pr. 371 and note; 1 Black on Judgments, section 347; Freeman on Judgments, section 108.

And, further, as to affidavit on motions to reopen, see Gauthier v. Rusicka, 3 N. D. 1, 53 N. W. 80; Sargent v. Kindred, 5 N. D. 8, 63 N. W. 151; Kirschner v. Kirschner, 7 N. D. 291, 75 N. W. 252.

*A. G. Burr,* for respondent.

The state's attorney of defendant county was misinformed as to the date of service, and no official notice was on file in the clerk's office. Where a contrary state of facts exists, public corporations would not be entitled to relief; where there is an honest mistake as to such a fact and action is prompt and correct while acting under mistake, relief should be granted. 17 Am. &Eng. Enc. Law (2d Ed.) 834.

Where there is a mistake in good faith as to time of service of a summons, leading to a default, relief will be granted. Miller v. Carr, 48 Pac. 324; 58 Am. St. Rep. 180; Titus v. Larsen, 51 Pac. 351; Jensen v. Barbour, 31 Pac. 592, 594.

Defendant's answer was not verified nor was the complaint. But when answer was served defendant's counsel did not know of default. He was not required to verify answer, under section 5280, Rev. Codes 1899. Defendant's motion embodied an application to recognize defendant as appearing in time, defendant not then having knowledge of default. The unverified answer was attached to and included in affidavit in the moving papers, and affidavit states that affiant, meaning defendant, " has good and sufficient defense to said action." Such affidavit is sufficient without stating the facts. 1 Enc. Pl. & Pr. 362.

The state's attorney was as well qualified as any other officer to make the affidavit, and to know the facts of the case. City of Fargo v. Keeney, 11 N. D. 484, 92 N. W. 836.

Instruments attached and made part of affidavits, are construed as a part thereof. City of Fargo v. Keeney, supra. Where affidavit of merits sets out a valid defense, it may be accepted in lieu of an answer. Wheeler v. Castor, 11 N. D. 347, 92 N. W. 381.

When affidavit states that defendant has "fully and fairly stated all the facts in the case to his counsel, and that upon such statement his counsel has advised him that he has a good defense on the merits," it is itself sufficient. Kirshner v. Kirshner, 7 N. D. 291, 75 N. W. 252. If the answer showed but a partial defense the judgment should be reopened. 6 Enc. Pl. & Pr. 185; Douglass v. Todd, 31 Pac. 623; Titus v. Larsen, 51 Pac. 251.

It is sufficient to show a case that is prima facie meritorious. 6 Enc. Pl. & Pr. 188; Douglass v. Todd, 31 Pac. 623. Application to vacate a judgment is addressed to the discretion of the court, and will not be interfered with if any discretion is used; when the discretion is exercised in vacating a judgment, a stronger showing of abuse must be made than when motion to vacate is denied. Bigler v. Baker, 58 N. W. 1026, 24 L. R. A. 255. The discretion of a trial court is not governed by any inflexible rule. Pengilly v. J. I Case Thresh. Mach. Co., 11 N. D. 249, 91 N. W. 63; Wheeler v. Castor, supra; Kitzman v. Minn. Thresh. Machine Co., 10 N. D. 26, 84 N. W. 585. Where there is doubt whether court used discretion in granting or withholding an order to vacate a judgment, the doubt is resolved in favor of the applicant. 6 Enc. Pl. & Pr. 202; Persons v. Drobaz Fishing Co., 34 Pac. 76; Wolf & Co. v. Canadian P. Ry. Co., 29 Pac. 825. It is no injury to plaintiff that he is required to try the action. Bray v. Church of St. Brandon, 40 N. W. 518.

Young, C. J. The plaintiff appeals from an order of the district court of Bottineau county vacating a judgment which he had caused to be entered in this action against the defendant upon default of answer.

Counsel for appellant contends, as grounds for reversal, that (1) the defendant has not offered a sufficient excuse for his failure to answer within the statutory period, and (2) that the motion papers are not legally sufficient. We are of opinion that neither of these objections should be sustained. The action is to recover a balance of $4,095, which the plaintiff alleges is due for labor and

material furnished to the defendant in building a court house and jail. Plaintiff's counsel resides and has his office in the city of Grand Forks. The sheriff's return states that he served the summons and complaint on the chairman of the board of county commissioners of Bottineau county, the defendant herein, on December 15, 1902. On January 31, 1903. the judge of the third judicial district signed an order for judgment upon the application of plaintiff's counsel and his affidavit bearing date January 15, 1903; that more than thirty days had elapsed since the service of the summons and complaint, and that no answer or demurrer had been received by him, or appearance in any manner made by the defendant, and in pursuance of such order judgment was entered by the clerk of the district court of Bottineau county on February 4, 1903. The defendant's motion bears date January 29, 1903, and was returnable before the presiding judge at his chambers in Devils Lake, in Ramsey county, on February 17, 1903. It is based upon the affidavit of Irving R. Barkway, clerk of the district court of Bottineau county, the affidavit of A. G. Burr, state's attorney for that county and its attorney in this action, the defendant's answer attached thereto, and the records and files in the case. The affidavit of A. G. Burr, which was made on the 29th day of January, 1903, states that when the chairman of the board of county commissioners delivered the copy of the summons and complaint to him he informed the affiant that they were served on December 16, 1902; that he prepared an answer to the complaint and mailed the original and a copy of the same to plaintiff's counsel at Grand Forks on January 15, 1903; that they were received by plaintiff's counsel on or before the 16th, but were returned to the affiant by said attorney with a statement that the said answer was not served within the time required by law; that neither the summons, complaint, nor any other paper are on file or have been filed in the clerk's office; that he has not seen the sheriff's return, which he believes is in the plaintiff's possession; that there is no record in the court, nor anything accessible to the affiant, by which he can tell on what day the summons and complaint were served, except the statement of the chairman of the board "that this affiant [defendant] has a good and sufficient defense to said action, as shown by the copy of the answer herein, attached to this affidavit," and "prays that this defendant be recognized as having appeared in this action within the time required by law, or that judgment be reopened or vacated, if the same has been entered, and the defendant be

permitted to defend on such terms as the court shall deem just." The affidavit of .Barkway, which is dated January 30, 1903, states that "no papers or records of any kind have ever been filed in his office in the above-entitled case." The answer, attached to the affidavit, is unverified. It is conceded that it states a defense to at least a part of the plaintiff's cause of action. In his motion proper the defendant's attorney asked (1) that, in case the answer was in fact served in time, no further proceedings be had in the case without due notice to the defendant; and (2) that, in case judgment had been entered, it be vacated and the defendant permitted to answer on such terms as the court should deem just.

In our opinion, the trial court did not abuse its discretion in holding that the defendant had sufficiently excused its default or error, and in holding that the motion papers were legally sufficient. Section 5298, Rev. Codes 1899, provides that "the court may, * · * * in its discretion, and upon such terms as may be just, allow an answer * * * to be made or other act to be done after the time limited by this Code, or, by an order, enlarge such time; and may also within one year after notice thereof, relieve a party from a judgment * * * taken against him through his mistake, inadvertance, surprise or excusable neglect." It is clear to us that the affidavit attached to the motion papers—and it will be noted that the notice of motion was served before the judgment was entered—furnished ample grounds for an extension of time in which to answer, and also to vacate the judgment which was thereafter entered. The default was occasioned solely by the mistake of the chairman of the board of county commissioners as to the day of service in stating that it was the 16th, instead of the 15th, which the sheriff's return shows was the true date. An error of one day in stating a date is not such an unusual occurance that it can be said to be inexcusable. To so hold would require unusual, if not almost impossible accuracy. It is evident the mistake was an honest one, and the defendant proceeded promptly to correct it. Negligence cannot be imputed to the state's attorney for not answering sooner, for he made timely service of the answer according to the information he had received. He also moved promptly for relief, even without positive knowledge that he was in fact in default, and before judgment was entered. The citation of authority should not be necessary, but the following cases rest upon a similar state of facts and may be cited in support of our conclusion that the mistake

was excusable: Miller v. Carr, 116 Cal. 378, 48 Pac. 324, 58 Am. St. Rep. 180; Titus v. Larsen, 18 Wash. 145, 51 Pac. 351; Jensen v. Barbour (Mont.) 31 Pac. 592; Hanthorn v. Oliver, 32 Or. 57, 51 Pac. 440, 67 Am. St. Rep. 518; Gardiner v. Crocker, 3 Caines, 139. See, also, Ordway v. Suchard, 31 Iowa, 481; Johnson v. Eldred, 13 Wis. 482. The reasons alleged in support of the contention that the motion papers are not legally sufficient are: "First, the proposed answer is not verified; second, no affidavit of merits is submitted; third, the affidavit does not set up a valid defense or any defense to plaintiff's cause of action." This court, in Wheeler v. Castor, 11 N. D. 347, 92 N. W. 381, 61 L. R. A. 746, after reviewing all of its former adjudications relating to the opening of defaults, laid down the following rules: "First, a sufficient affidavit of merits is indispensable in all cases; second, it is proper practice to serve and submit a proposed verified answer with the moving papers, setting up a defense which is valid on its face; third, where a verified answer is not submitted, the trial court may, at its discretion, accept in lieu of such answer an affidavit setting out a valid defense to plaintiff's cause of action. Such an affidavit, in our opinion, would serve the purpose of an answer, and constitute a substantial compliance with the strict rule which requires the submission of a proposed verified answer embracing a defense." Tested by the rule thus formulated, the moving papers were sufficient. In this case there was an answer, but it was not verified. That was not fatal, however. Had no answer at all been attached, as in Wheeler v. Castor, it would still have been within the discretion of the court to make the order, provided the affidavit, if otherwise sufficient, stated a valid defense. The failure to verify the answer is explained by the fact that the complaint was not verified. The defendant can be in no worse position because he served an answer which was not verified than he would have been had he served no answer.

The objection that there is no affidavit of merits, and that the affidavit does not set up a valid defense, goes to the form and sufficiency of the affidavit, and not to the fact that no attempt is made to show merits, or to state a defense. We think this objection also is not well grounded. The affidavit is positive as to the merits of the defense, and the affiant exhibits, as a part of his affidavit, the proposed answer, which, it is conceded, states a defense to at least a part of the plaintiff's cause of action. The language of the affi-

davit is, "that this defendant has a good and sufficient defense to said action, as shown by the copy of the answer herein attached to this affidavit." The objection to the form of the affidavit is without merit. True, the facts which constitute the defense are not set out in the body of the affidavit, but the answer is attached to and made a part of it, and it is conceded that it states at least a partial defense. Neither is there substantial merit in the objection that the affidavit was made by the attorney in the action, and is not in the form generally approved. The defendant is a municipal corporation and can act only throught its officers. The attorney who made the affidavit is the state's attorney of the defendant county, and was a proper person to act on its behalf. It is apparent that the general rules by which the sufficiency of affidavits of merits, whether made by parties or their attorneys, are to be tested, do not apply to an affidavit like this, which is made by the law officer of the county, and on its behalf, and also as its attorney in the action.

We have treated the default judgment as regularly entered, and tested the order by the rules of practice relating to vacating such defaults. It is a serious question, however, whether the entry of judgment while the defendant's motion for relief from his default in answering was pending and undetermined was not so irregular as to entitle the defendant to have it set aside on that ground alone, and without showing merits. That view is fairly supported by the following cases: Manwaring v. Lippincott (Sup.) 65 N. Y. Supp. 428; Atchison Ry. Co. v. Nichols, 8 Colo. 188, 6 Pac. 512; Farris v. Walter, 2 Colo. App. 450, 31 Pac. 231; Ridgway v. Horner, 55 N. J. Law, 84, 25 Atl. 386; Thomas v. Douglass, 2 Johns. Cas. 226; Depeyster v. Warne, 2 Caines, 45; Browning v. Roane, 9 Ark. 354, 50 Am. Dec. 218; Mattoon v. Hinkley, 33 Ill. 209; Hosmer v. Hoitt, 161 Mass. 173, 36 N. E. 835. See, also, Freeman on Judgments, section 97; Black on Judgments, section 326. Also Garr, Scott & Co. v. Spaulding, 2 N. D. 414, 51 N. W. 867; Prondzinski v. Garbutt, 9 N. D. 239, 83 N. W. 23.

Finding no error or abuse of discretion, the order appealed from will be affirmed. All concur.