[No. 7139.   Decided April 25, 1908.]

## F. W. PEABODY et al., Respondents, v. GEORGE F. MEACHAM et al., Appellants.[1]

TAXATION—JUDGMENT—DATE OF FILING CERTIFICATE—NUNC PRO TUNC ORDER CHANGING DATE—JURISDICTION. Where certificates of delinquency were, by the county treasurer, delivered to the county clerk for the express purpose of filing them, who failed to mark them as filed at that time, and they were temporarily withdrawn for the purpose of copying them until June 10th, when they were returned and marked filed as of that date, the court has power after judgment, by a *nunc pro tunc* order, to require the filing mark to be changed to May 9th, and it cannot be objected that the judgments were void because the certificates were not filed May 9th fifteen days before the date of the first publication of the summons, as required in order to give the court jurisdiction.

Appeal from a judgment of the superior court for Snohomish county, Black, J., entered June 17, 1907, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action to quiet title. Affirmed.

*Alexander & Bundy*, for appellants.

*Brownell & Coleman*, for respondents.

CROW, J.—Action by F. W. Peabody and Katie A. Peabody, his wife, against George F. Meacham and Lucia M. Meacham, his wife, to quiet title to real estate in Snohomish county. From a judgment in favor of plaintiffs, the defendants appeal.

[1]Reported in 95 Pac. 322.

The respondents claim title under a county foreclosure and sale for delinquent taxes. There is no dispute as to the facts, which were stipulated. Those material to this appeal are, that taxes levied against the property for 1895 and prior years became delinquent; that on January 31, 1898, a certificate of delinquency was issued by the treasurer of Snohomish county; that on May 9, 1901, the county treasurer took the certificate of delinquency to the office of the clerk of the superior court, and delivered the same to a deputy clerk to be filed, but immediately thereafter temporarily withdrew it for use in his own office in completing a copy thereof; that at the time of its delivery the deputy clerk received the certificate for filing, but neglected to mark the same as having been filed, or to make any entry upon the books or records of the clerk's office showing such filing; that on May 24, 1901, publication of notice of foreclosure was commenced; that on June 10, 1901, the certificate of delinquency was returned by the county treasurer to the office of the clerk of the superior court, and that the clerk, not knowing of its previous delivery to his deputy, then marked it as filed on June 10, 1901, and made corresponding entries upon the records in his office; that on October 21, 1901, a default foreclosure judgment was entered, in pursuance of which the property was sold to Sno-homish county; that on September 5, 1902, after the judgment and sale, the superior court of Snohomish county, without notice, made and entered an *ex parte nunc pro tunc* order, directing the clerk to change the filing marks upon the certificate of delinquency from June 10, 1901, to May 9, 1901, and to so amend the records in his office as to cause them to recite that the certificate had been filed on May 9, 1901; that except as above stated, the certificate was not in the office of the clerk of the superior court until June 10, 1901; that prior to that date no entry appeared in the office of the clerk of the superior court to show that it had been filed on May 9, 1901, or on any other date; that from and after June 10, 1901, until judgment and sale, and until September 22, 1902,

all files, records, and entries in the office of the clerk of the superior court, recited that the certificate had been filed on June 10, 1901; that the respondents afterwards acquired title by deed from Snohomish county, and that the appellants afterwards acquired their alleged title from former owners, defendants in the foreclosure action.

The points raised by appellants are that it affirmatively appears from the foreclosure proceedings that the court was without jurisdiction, because the certificate of delinquency was not filed in the office of the clerk until June 10, 1901, which was after the first publication of notice had been made; that the statutes then in force, § 3, ch. 178, Laws of 1901, page 385, provided that the county treasurer should issue certificates of delinquency to the county and file the same with the clerk of the superior court, and that thereupon foreclosure proceedings should be commenced; that under this act the actual filing of the certificate was a condition precedent to the commencement of the foreclosure; that without such filing the court obtained no jurisdiction, and that the subsequent *nunc pro tunc* order changing the date of filing to May 9, 1901, which was made without notice on an *ex parte* application of the county attorney, was unauthorized and void. It is conceded and stipulated that the lots in dispute were included in the same foreclosure proceeding which was sustained by this court in *Washington Timber & Loan Co. v. Smith*, 34 Wash. 625, 76 Pac. 267. The questions now raised were there determined adversely to appellants' contention. An examination of our opinion in that case will show that the facts now before us were there stated and passed upon. We then said:

"The next objection to the sufficiency of the foreclosure is, that the certificates of delinquency were not properly filed in the office of the clerk of the superior court before publication of summons. The complaint, however, shows that a *nunc pro tunc* order was made by the court in the foreclosure cause, by which it was declared that the certificates were in fact filed in the clerk's office on May 9, 1901, and it was directed that they

be so marked, which was done, and the file mark was changed from June 10, 1901, to the above named date. That date was fifteen days before the first publication of the summons. It having been already determined that the court had jurisdiction of the cause by reason of the time the certificates were issued, and it appearing by the record that the certificates were filed in time, it follows that the point now raised relates to a mere irregularity which should have been raised in the foreclosure case. While the *nunc pro tunc* order was made after judgment, yet, assuming, as we must, that the record speaks the truth, the correction was such a one as could have been made during the progress of the action, under § 18, p. 299, Laws of 1899. Appellant is therefore estopped to raise the objection now. See Bal. Code, § 1767 (P. C. § 8704). Also, *Swanson v. Hoyle*, 32 Wash. 169, 72 Pac. 1011. The summons and its publication, we think, complied with the law. The property owner was therefore within the jurisdiction of the court, and was required to take notice of the action."

The arguments of the appellants now presented are substantially the same as those which were made in the *Washington Timber Company* case. The entire substance of their present contention is, (1) that the certificate of delinquency was not filed prior to June 10, 1901; (2) that the publication was commenced without authority of law; (3) that the judgment entered thereon was void; and (4) that the *nunc pro tunc* order was also void. The fact that on May 9, 1901, the county treasurer took the certificate of delinquency into the clerk's office for the express purpose of filing the same is not disputed, although the deputy clerk at that time failed to make the proper filing marks and entries. On June 10, 1901, an inadvertent and erroneous entry was made. Afterwards the judgment was entered and a sale made to the county, but later and before the appellants acquired their present alleged title by quitclaim deed from defendants in the foreclosure proceeding, and before respondents acquired their title from Snohomish county, the trial court, by a *nunc pro tunc* order, directed a correction of the filing marks and records to recite the actual facts.

"A court of record has an inherent power over its own records which includes the authority to require the correction of any errors that may creep into them. This power is not lost by lapse of time or the expiration of a term of court. The duty of a court to see that its records speak the truth is an affirmative and active one, and it is not a jurisdictional prerequisite to its performance that one party should invoke it by motion or that the other should have notice before action is taken." *Christisen v. Bartlett*, 73 Kan. 401, 84 Pac. 530, 85 Pac. 594.

The judgment is affirmed.

HADLEY, C. J., MOUNT, DUNBAR, FULLERTON, and RUDKIN, JJ., concur.