## NORTHERN COMMERCIAL COMPANY v. BEN GOLDMAN.

(164 N. W. 133.)

**Judgment — vacation — discretion of court — abuse of — merits — affidavit — sufficiency of — tender of answer — disclosing good defense — default explained — reasonable excuse — no prejudice shown.**

1. It is the general rule upon application to vacate a judgment entered by default, where there is a sufficient affidavit of merits, and the answer tendered

discloses a meritorious defense, and a reasonable excuse is shown for the default, and no substantial prejudice is shown to have arisen from the delay, to open the default judgment and permit the case to be tried upon the merits. It is *held* in this case that the court abused its discretion in not vacating the judgment; the affidavit showing, and the answer tendering, a good defense upon the merits, and sufficient excuse is shown for the default.

**Action — pleadings — answer — bankruptcy — provable claim — good defense — bankruptcy court — judgment of — full faith and credit — entitled to.**

2. A discharge in bankruptcy on a claim which was provable against the bankrupt estate at the time of the adjudication in bankruptcy is a good and meritorious defense. The judgment of the court of bankruptcy is entitled to full faith and credit, and just as much respect as any other judgment.

Opinion filed July 24, 1917.

Appeal from order denying defendant's motion to vacate judgment of the County Court of Cass County, *A. G. Hansen,* Judge.

Reversed.

*William Lemke,* for appellant.

The assignment of the claim which entered into the judgment here in question was not made in good faith. It was an attempt to evade the adjudication in bankruptcy. A provable claim in bankruptcy proceedings will not sustain a judgment thereafter entered upon it, by default, and the judgment on proper motion of defendant should be set aside or reopened to such meritorious defense. Williams v. Fairmount School Dist. 21 N. D. 198, 129 N. W. 1027; Rosebud Lumber Co. v. Serr, 22 S. D. 389, 117 N. W. 1042; Racine-Sattley Mfg. Co. v. Pavlicek, 21 N. D. 222, 130 N. W. 228; First State Bank v. Krenelka, 23 N. D. 568, 137 N. W. 824.

The power to vacate and set aside default judgments has always been liberally exercised in the furtherance of justice. Bucknell v. Archer, 29 S. D. 22, 135 N. W. 675.

Where a motion to reopen, vacate, or set aside a default judgment is timely and properly made, and supported by an affidavit of merits and the tender of an answer showing a meritorious defense, it is an abuse of discretion to refuse or deny such motion. Citizens' Nat. Bank v. Branden, 19 N. D. 489, 27 L.R.A.(N.S.) 858, 126 N. W. 102; Braseth v. Bottineau County, 13 N. D. 344, 100 N. W. 1082; G. S.

Congdon Hardware Co. v. Consolidated Apex Min. Co. 11 S. D. 376, 77 N. W. 1022; Cline v. Duffy, 20 N. D. 525, 129 N. W. 75.

*H. R. Turner,* for respondent.

The affidavit does not show that defendant was mistaken. He claims no conditions which rendered it impossible for him to have appeared and defended. He presents nothing that calls for the exercise of discretion on the part of the court. He does not bring himself within any rule for the exercise of discretion. Defendant knew what was pending, because he says, "Aaberg showed him the note in dispute." There is no excuse shown for default. Comp. Laws 1913, § 7483; 15 R. C. L. p. 707, § 159.

GRACE, J. This is an appeal from the order of the judge of the county court of Cass county, North Dakota, denying defendant's motion for vacating a judgment entered against him on the 8th day of July 1915, in favor of the Northern Commercial Company.

The facts as they appear from the pleadings and the affidavits are about as follows: On the 10th day of December, 1910, the defendant executed and delivered to Bruegger Mercantile Company his promissory note of that date, due on the 1st day of January, 1911, for $600.34, at 10 per cent interest. On the 28th day of July, 1913, at Fargo, North Dakota, in the United States district court for the district of North Dakota, before Honorable C. F. Amidon, the district judge of said court, it was decreed by the court and adjudged, and judgment was duly rendered and entered, that said Ben Goldman be discharged from all his debts and claims which existed on the 20th day of January, 1913, which was the day on which there was filed in said court a petition for an adjudication and discharge from all his debts under the act of Congress relating to bankruptcy. The indebtedness to the Bruegger Mercantile Company accrued before the granting of such discharge, and the indebtedness was one which was provable against the estate of the defendant in the proceedings in such bankruptcy in which said discharge was granted, and was not such an indebtedness as came within any of the exceptions set forth in the bankruptcy act from which discharge would not be granted. On the 7th day of July, 1913, the Honorable C. F. Amidon, proceeding in said district court of the United States for the district of North Dakota, in the city of Fargo, North

Dakota, duly ordered that the said Ben Goldman be discharged from all debts and claims which were made provable by said act against his estate, and which existed on the 20th day of January, 1913.

The proposed answer of the defendant pleads and sets forth his discharge in bankruptcy by the district court of the United States for the district of North Dakota, from all debts which existed and were provable against his estate in bankruptcy on the 20th day of January, 1913. Defendant's affidavit, in connection with his application to open up and set aside such default judgment obtained by plaintiff, also refers to his discharge in bankruptcy and the knowledge which H. A. Aaberg had thereof, who was the person claiming to have served the summons and complaint in plaintiff's action. The defendant's affidavit further discloses that he cannot read and write the English language, that he came from Southern Russia in 1906, that he speaks the Russian-Jewish language, and in his affidavit says that neither the summons nor complaint in the action were ever served on him, and that the affidavit in regard to the service is wholly untrue. That he knew nothing of the commencement of this action or the judgment therein until the 6th day of October, 1916, at which time the sheriff of McKenzie county came to his place in said county with a writ of execution purporting to have been issued out of the district court of Cass county. The plaintiff in this action claims that the summons and complaint were regularly served, and that defendant was notified by several letters after the entry of such judgment, one of which was registered May 10, 1916.

The question presented in this case is one which is addressed to the sound discretion of the court. It is, however, the general rule upon application to vacate a judgment entered by default, where there is a sufficient affidavit of merits, and where the answer presented discloses a good defense upon the merits, and a reasonable excuse for delay occasioning default is shown, and no substantial prejudice is shown to have arisen from the delay, the court should open the default and permit the case to be tried upon the merits. Where the circumstances are such as to place the court in doubt, it is the better rule to resolve the doubt in favor of the application to open the judgment. There is not much room for complaint where the action is tried upon the merits. A discharge in bankruptcy from a claim which was provable against the bankrupt estate at the time of the adjudication in bankruptcy is a good and

meritorious defense. The judgment of the court of bankruptcy is entitled to full faith and credit, and just as much respect as any other judgment. In the case at bar the defendant pleads in his answer, and shows by other circumstances and allegations in his affidavit, that he cannot read or write the English language; he positively says that no summons and complaint were served upon him; he claims that he had no knowledge of the suit against him until the levy of the execution. The matter of sending the letters to him if he could not read or write, even though registered, does not necessarily bring the knowledge to him that any judgment had been entered, for the letters would mean nothing to him unless someone interpreted them to him and interpreted in such a manner as to convey the actual knowledge, and the letters, although one of them was registered, would not overcome the statement of the defendant himself in his answer, nor his positive allegations under oath in his affidavit, that no summons and complaint were ever served upon him; nor overcome his allegations in his affidavit that H. A. Aaberg, when he came to the farm where the defendant resides and to the field where he was at work, and showed him the note in question, the defendant said to him, "The note is no good, because I have gone through bankruptcy," and he said, "Oh, yes, I forgot it." If the defendant, as appears from his answer and affidavit, believed he had never been served with the summons and complaint, and that the paper shown him by Aaberg was a note, and not a summons and complaint, it was excusable neglect, and the defendant should have been allowed to answer and try the case upon its merits, having disclosed a meritorious defense in his answer; and a discharge in bankruptcy is a meritorious defense.

A thorough consideration of the whole case, the circumstances and conditions surrounding the same in regard to the inability of the defendant to read or write the English language, and the fact that he disclosed in his answer a meritorious defense, seem to leave but little doubt that the defendant is entitled to the relief of having the judgment vacated and set aside, and his answer filed, and the case tried upon its merits. The further fact that the discharge in bankruptcy discharged all debts provable against the defendant on the 20th day of January, 1913, does include all debts prior to that date provable against such estate; and all proceedings in such bankruptcy will be presumed

to have been regular, and that due and sufficient notice to all creditors existing at that time whose debts were provable in such estate was properly and legally given. We think the county court from which this case was appealed erred, and the judgment he gave in such case refusing to vacate such order was an abuse of discretion in view of the well-settled rule of liberality in such cases. The following are some of the cases supporting such rule: Citizens' Nat. Bank v. Branden, 19 N. D. 489, 27 L.R.A.(N.S.) 858, 126 N. W. 102; Braseth v. Bottineau County, 13 N. D. 344, 100 N. W. 1082; Cline v. Duffy, 20 N. D. 525, 129 N. W. 75.

The judgment of the County Court is in all things reversed, the case is remanded to such court, with instructions that the order heretofore made by such county court, from which this appeal is taken, be vacated and set aside, and that the defendant be permitted to answer in such case, and that the case be tried upon its merits after the answer has been so filed in such case.

Mr. Justice ROBINSON, being disqualified, did not participate, Honorable J. A. COFFEY, Judge of Fifth Judicial District, sitting in his stead by request.