Betty R. INGALLS, Plaintiff and Petitioner,

v.

A. C. BAKKEN, Judge of the District Court of Grand Forks County, Respondent.

Civ. No. 8539.

Supreme Court of North Dakota.

April 24, 1969.

Stokes, Vaaler, Gillig, Warcup & Woutat, Grand Forks, for plaintiff and petitioner.

STRUTZ, Judge.

The plaintiff and petitioner has made application for a supervisory writ, requesting this court to exercise its jurisdiction to supervise the above-named respondent and to require him to vacate an order made and entered in an action entitled Betty R. Ingalls v. Thomas LeRoy Nelson, which order held that the defendant in that action had made a timely appearance and which granted him the right to serve his answer on the plaintiff within ten days.

The facts do not appear to be in serious dispute. The plaintiff commenced her action for breach of promise against the said Nelson by service of summons and complaint on January 30, 1969. On February 19, 1969, which was the last day for answer, the defendant mailed to the attorney for the plaintiff a notice of special appearance, by which the defendant appeared specially and objected to the jurisdiction of the court over the person of the defendant. In connection with such special appearance, the defendant served a motion and notice of motion setting the matter for hearing on March 4, 1969, at 9 a. m.

Thereafter, on February 24, 1969, the plaintiff filed her affidavit of default, stating that more than twenty days had elapsed since service of summons and complaint upon the defendant and that "the defendant is in default."

Thereafter, the defendant served a motion to dismiss the plaintiff's complaint, asserting that the court lacked jurisdiction over the subject-matter and over the person of the defendant, and, further, that the complaint failed to state a claim upon which relief can be granted. This motion was noticed for hearing on March 11, 1969, at the hour of 9:30 a. m. When serving this notice on the plaintiff's attorney, the defendant notified such attorney that he was abandoning the motion which had previously been set for hearing on March 4.

On March 11, the matter came on before the trial court, the defendant appearing by his attorney and the plaintiff failing to make any appearance. After considering the defendant's motion, the trial court denied the motion to dismiss the plaintiff's complaint, but the court found that the defendant's motion objecting to the jurisdiction of the court, which had been served on February 19, was a timely appearance entitling the defendant to defend the action on its merits and giving the defendant ten days in which to serve his answer. The answer was served within such ten-day period.

Thereafter, the plaintiff filed her petition in this court for a supervisory writ, praying that this court exercise its supervisory control over the respondent district judge and order said district court to vacate its order permitting the defendant to answer in the Ingalls v. Nelson action.

The superintending power of the Supreme Court is set forth in Section 86 of the North Dakota Constitution. That section provides, in part:

"The supreme court * * * shall have a general superintending control over all inferior courts under such regulations and limitations as may be prescribed by law."

In the exercise of this superintending control over inferior courts, the Supreme Court is authorized to issue such original and remedial writs as are necessary to the proper exercise of such jurisdiction and authority. Sec. 27–02–04, N.D.C.C.

■ This court has the duty to determine when a proper case has been presented to it for the exercise of its superintending control. State ex rel. Shafer v. District Court, etc., 49 N.D. 1127, 194 N.W. 745 (1923).

■ Such control will not be exercised by the Supreme Court in any case where the applicant has an adequate remedy by appeal. State ex rel. Lemke v. District Court, etc., 49 N.D. 27, 186 N.W. 381 (1921). An exception is made in a case where the delay in appealing would cause irrevocable injury and where the facts of the case require emergency relief. State ex rel. Red River Brick Corp. v. District Court, etc., 24 N.D. 28, 138 N.W. 988 (1912).

■ When such an application is made to the Supreme Court, invoking its power of superintending control over an inferior court, and it appears that the case is one in which the superintending power may be exercised, it then becomes necessary for this court to determine whether the ends of justice require that this extraordinary power shall be exercised. State ex rel. Johnson v. Broderick, 75 N.D. 340, 27 N.W.2d 849 (1947).

■ But this power of superintending control over inferior courts will not be exercised by the Supreme Court on light or frivolous occasions. It will be exercised only where there is no other adequate remedy and where the exigency is of such a nature that it justifies the use of this extraordinary power. State ex rel. Jacobson v. District Court of Ward County, 68 N.D. 211, 277 N.W. 843 (1938).

Unless the action of the trial court, which the Supreme Court is asked to supervise, is such that it will result in grave or serious prejudice to the applicant, and for which the applicant has no adequate remedy, the application for such supervisory writ will be denied.

■ The limits of the Supreme Court's power of superintending control are to be determined by the Supreme Court itself through the exercise of a sound judicial discretion, guided by the fact that the Supreme Court's primary jurisdiction is appellate, while the superintending control is an extraordinary power which will be exercised in behalf of a litigant only under conditions that are tantamount to a denial of justice. Stormon v. District Court of Pierce County, 76 N.D. 713, 38 N.W.2d 785 (1949).

■ Thus we must now determine, in the light of the above, whether to exercise our superintending power in this case. In making this determination, we must ascertain whether the action of the lower court will result in grave prejudice to the applicant for which she has no adequate remedy. Having examined all of the records and files which have been brought to our attention in this case, we do not believe that this is true in the instant action. Here, the plaintiff commenced an action for breach of promise, demanding damages. The defendant retained counsel within the time for answering the plaintiff's complaint. The defendant's attorney made a special appearance before the time for answer had expired, although he did not serve an answer to the complaint, as plaintiff asserts he should have done. The plaintiff now contends that such special

appearance is not an appearance which will bar the entry of default judgment.

■ Without deciding this issue, we would point out that the trial court, by permitting the defendant to serve an answer, has not in any way denied justice to the plaintiff. All the trial court has done is to give both parties an opportunity to be heard upon the merits. The question of whether, under the facts of this particular case, the trial court abused its discretion in refusing to enter a default judgment and permitting the defendant to answer, can be raised on appeal from any judgment that is entered in the action. In Braseth v. Bottineau County, 13 N.D. 344, 100 N.W. 1082 (1904), this court had before it the question of whether the trial court had abused its discretion in vacating a default judgment that had been entered, where the default was the failure of the defendant to answer within the statutory period. In that case, this court held that vacating such default judgment was within the sound judicial discretion of the trial court.

Having held that the question of whether vacating a default judgment was within the sound judicial discretion of the trial court could be raised on a proper appeal from the judgment as finally entered, we believe that the question of whether the trial court abused its discretion by refusing to order a default judgment can also be raised by appeal from the judgment in that action.

■ Courts favor the trial of cases upon their merits. And, since the issue of whether the trial court abused its discretion in refusing to enter a default judgment and in permitting the defendant to file his answer under the circumstances in that case can be raised on proper appeal, we find that the plaintiff has not been denied justice. Therefore, this court will not exercise its superintending control in behalf of the plaintiff. There has been no showing that the action of the trial court was tantamount to a denial of justice.

We hold that the plaintiff's application for a supervisory writ does not come within the provisions of Section 86 of the North Dakota Constitution or Section 27–02–04, North Dakota Century Code, as a proper case for the exercise by this court of superintending control. The application for a supervisory writ therefore is denied.

TEIGEN, C. J., and ERICKSTAD, PAULSON and KNUDSON, JJ., concur.