Clair L. YOUNG, Jr., and Lloyd H. Young, Individually and doing business as Youngs Auto Parts, a partnership, Shirley C. Young, Individually, and Clair L. Young, Jr., Individually, Appellees,

v.

John R. WHITE, Appellant.

Civ. No. 9422.

Supreme Court of North Dakota.

June 28, 1978.

David Garcia, Devils Lake, for appellant.

Traynor & Rutten, Devils Lake, for appellees: argued by John T. Traynor, Devils Lake.

SAND, Justice.

The defendant, John R. White, appealed from a Ramsey County district court order denying his motion for rehearing entered on 23 September 1977. White, however, argued that this appeal in effect is from the order confirming sale entered by the court on 22 April 1977.

A brief review of the chronological events leading up to this appeal will be helpful in understanding and resolving the legal issues.

John White obtained the property in question in 1962 and his deed was recorded in the Register of Deeds office in Ramsey County on 9 March 1963.

On 24 February 1967 the marriage of John White and Phyllis White was dissolved.

On 13 October 1972 a judgment against John White was filed.

On 7 March 1974 the marriage of John White and Louise White (second marriage) was dissolved by judgment of the district court of Eddy County. (This marriage took place on 12 August 1967.)

On 14 March 1977 the sheriff of Ramsey County levied on the judgment debtor's real estate and a notice of sale was issued stating that the property would be sold at public sale on 12 April 1977.

On 22 March 1977 the judgment debtor filed a declaration of homestead in the office of the Register of Deeds of Ramsey County, North Dakota.[1]

On 6 April 1977 a hearing was held in Ramsey County district court under the provisions of § 28-25-01, North Dakota Century Code, examining the defendant, John White, the judgment debtor.

On 12 April 1977 the district court of Ramsey County issued its memorandum opinion holding that the real property in question upon which the judgment debtor had filed a declaration of homestead was not exempt from execution.

On 22 April 1977 the district court of Ramsey County signed an order confirming sale under execution.

On 28 April 1977 the district court of Ramsey County entered an order granting motion to strike the declaration of homestead.

On 12 May 1977 the judgment debtor served a motion and affidavit in support of motion for rehearing in this matter.

On 31 May 1977 service was made upon the judgment debtor's counsel of the order confirming sale of the sheriff's return on execution, the sheriff's certificate of sale under execution and the order granting motion to strike declaration of homestead.

On 20 September 1977 the district court of Ramsey County issued its memorandum opinion denying a rehearing in the matter.

On 23 September 1977 counsel for the judgment debtor was served with an order denying motion for rehearing.

On 21 November 1977 the judgment debtor served a notice of appeal from the order denying motion for rehearing.

The primary issues we are concerned with are whether or not an order denying a motion for rehearing is appealable and whether or not the action taken by White constituted an appeal and, if so, was the appeal timely.

Other secondary issues are: (1) Does § 47-18-02(3), NDCC, as amended by S.L. 1977, Ch. 432, apply; and (2) Is the judgment lien of Young superior to the homestead claim of White?

■ The Legislature determines what is appealable in this State. The right to appeal is purely statutory and an order is appealable only when it comes within the

---

1. The record discloses no evidence that any minor children of the judgment debtor were living with him.

specific statute. Section 90 North Dakota Constitution, as amended in 1976; *State ex rel. Olson v. Nelson*, 222 N.W.2d 383 (N.D. 1974). Section 28–27–02, NDCC, sets out which orders and judgments are appealable. Section 87 of the North Dakota Constitution, as amended in 1976, granted authority to the Supreme Court to promulgate Rules of Appellate Procedure, which it did.

Rule 3 of the North Dakota Rules of Appellate Procedure provides the manner in which an appeal is taken. (Rule 3 also superseded § 28–27–05, NDCC, by implication.) Subdivision (c) of Rule 3, NDRAppP, provides that the notice of appeal shall designate the judgment or order, or part thereof, appealed from, and shall name the court to which the appeal is taken.

Rule 4, NDRAppP, provides that the appeal shall be filed within 60 days of the date of the service of the entry of judgment or order appealed from. It also provides that:

"The running of the time for filing a notice of appeal is terminated as to all parties by a timely motion filed in the trial court by any party pursuant to the North Dakota Rules of Civil Procedure hereafter enumerated in this sentence, and the full time for appeal fixed by this subdivision commences to run and is to be computed from service of notice of the entry of any of the following orders made upon a timely motion under such rules: (1) granting or denying a motion for judgment under Rule 50(b); (2) granting or denying a motion under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (3) granting or denying a motion under Rule 59 to alter or amend the judgment; or (4) denying a motion for a new trial under Rule 59."

It also provides that the trial court may extend the time for filing notice of appeal upon showing of excusable neglect for a period not to exceed 30 days from the expiration of the time otherwise prescribed by Rule 4 and that such extension may be granted before or after the time otherwise

prescribed by this subdivision has expired. But if a request for an extension is made after such time has expired it shall be made by motion with such notice as the trial court deems appropriate.

 Keeping in mind the foregoing provision, we have carefully examined § 28–27–02, NDCC, and conclude therefrom that an order denying a motion for rehearing is not appealable. However, White argues that this motion is also to be considered as a Rule 60(b) motion under the North Dakota Rules of Civil Procedure and as such it should be considered in a different light. In response to this argument, we note that Rule 60(v) specifically states:

". . . A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operations."

We further note that under the provisions of Rule 4, NDRAppP, specifying which type of actions will interrupt the running of time for filing a notice of appeal makes reference to motions under Rules 50(b), 52(b), and 59, NDRCivP, but no reference is made to Rule 60(b). Consequently, we conclude that if White's argument were to be recognized and the motion were to be considered a 60(b) motion the running of the time for filing of appeal was not interrupted by the motion in question. *Schnell v. Schnell*, 252 N.W.2d 14, 17 (N.D.1977).

Even if we were to give some credence to White's argument that his appeal on 21 November 1977 from the order denying motion for rehearing in reality was an appeal from the order confirming sale entered by the court on 22 April 1977, we would nevertheless have to conclude that the appeal was untimely because more than 60 days expired from the date of service of the entry of the order confirming sale and the attempted appeal and no action of any kind was taken which would have interrupted the running of time.

 On the secondary issue whether or not § 47–18–02(3), NDCC, as amended by Chapter 432 of the 1977 Session Laws, pertaining to the status of head of family for homestead purposes, we must take note that this amendment did not take effect

until 1 July 1977. The court proceedings with which we are involved here pertain to transactions that took place prior to 1 July 1977, and, for that matter, transactions considered by the court up to and including the order confirming the sale all took place prior to the effective date of the amendment. In this respect § 1–02–10, NDCC, provides:

"No part of this code is retroactive unless it is expressly declared to be so."

Even procedural statutes are not retroactive unless specifically declared to be so. *Scranton Grain Co. v. Lubbock Machine & Supply Co.*, 186 N.W.2d 449 (N.D.1971); and *Patterson Land Co. v. Merchants Bank of Napoleon*, 55 N.D. 90, 212 N.W. 512 (1927). We therefore conclude that the 1977 amendment has no application to the action or proceedings involved in this case.

On the issue whether or not the judgment lien of Young was superior to the homestead claim of White, the trial court's memorandum opinion pertinent to this question, in part, is:

"A homestead upon divorce loses that status. Stated otherwise, divorce severs a vested homestead interest.

"*Rosholt v. Mehus*, 3 N.D. 513, 57 N.W. 783 (1894).

"By divorce judgment, the parties become single persons. Since there no longer is a head of the household, no homestead interest exists.

"*Holcomb v. Holcomb*, 18 N.D. 561, 120 N.W. 547 (1909).

"Where a judgment lien has attached to real estate which is later occupied by the debtor as a homestead, the lien is not divested by the later acquired homestead right, and the prior lien may be enforced by judgment, levy and execution sale.

"*First State Bank of Gackle v. Fischer*, 67 N.D. 400, 272 N.W. 752 (1937).

"Under the facts developed at the instant hearing, the homestead existing by virtue of the marriage of John R. White and Louise White terminated at their divorce. Upon divorce, John R. White was a single person. The date of this divorce is not shown by the evidence, but the testimony does disclose that the creditors' judgment and lien has existed since October 10, 1972. At some point from this date, White necessarily was a single person until his marriage on December 25, 1975. During this interval while White was a single person and not entitled to a homestead right, the lien of the creditors attached. The judgment lien having attached to the debtor's, White's, real property, at a time he was a single man, the lien is not divested by a later acquired homestead right.

"*First State Bank of Gackle v. Fischer*, supra.

"It follows that White's real property upon which he filed a Declaration of Homestead is not exempt from execution."

While it is not necessary for this court to rule on the homestead exemption because we have concluded that the appeal was not timely and proper, nevertheless we observe that the reasoning of the trial court is persuasive. We also point out that we have not found any authority to override the district court and that White has not furnished any authority which would set aside or modify the conclusions reached by the trial court on the homestead issue.

The order of the district court of Ramsey County of 22 April 1977 confirming the sale under execution is affirmed.

ERICKSTAD, C. J., and PAULSON, PEDERSON and VOGEL, JJ., concur.