SUBURBAN SALES & SERVICE, INC.,
Clair L. Young, Jr., Mrs. Clair L. Young,
Jr., a/k/a Shirley C. Young, Lloyd H.
Young, Catherine P. Young and Clair L.
Young, Jr. and Lloyd H. Young, d/b/a
Young's Auto Parts, a partnership,
Plaintiffs and Appellants,

v.

John R. WHITE, Defendant
and Appellee.

Civ. No. 10174.

Supreme Court of North Dakota.

Dec. 2, 1982.

Robert Vaaler of Vaaler, Gillig, Warcup, Woutat, Zimney & Foster, Grand Forks; and John T. Traynor of Traynor, Rutten & Traynor, Devils Lake for plaintiffs and appellants; argued by Robert Vaaler, Grand Forks.

Robert P. Brady, Bismarck, on behalf of John W. Frith, Devils Lake; and Seth R. Phillips, Newport, Minn., for defendant and appellee; argued by Seth R. Phillips, Newport, Minn.

PAULSON, Justice.

The appellants [Youngs] appeal from a judgment entered July 1, 1981, and from an order issued December 31, 1981, denying their motion for judgment notwithstanding the verdict, or in the alternative, for relief under Rule 60 of the North Dakota Rules of Civil Procedure. Both the judgment and the order were issued by the District Court of Ramsey County. We affirm.

This is the third time these parties have been before our Court seeking a determination of issues involved in the controversy.[1]

---

1. Our previous opinions concerning this controversy are reported as *Young v. White*, 267 N.W.2d 799 (N.D.1978) and *Suburban Sales* and *Service, Inc. v. District Court of Ramsey County*, 290 N.W.2d 247 (N.D.1980). In addition to these two reported opinions and the

The facts in this matter, to the time of our opinion of March 13, 1980, are set forth in *Suburban Sales v. District Court of Ramsey County,* 290 N.W.2d 247, 248–49 (N.D.1980), as follows:

"On October 13, 1972, a judgment was issued, entered, and docketed in the district court of Ramsey County on a cross-claim in favor of the Youngs and against ... John R. White. Both the Youngs and White had been named as defendants in an action brought by the Ramsey National Bank of Devils Lake. The Youngs had served an amended answer and cross-claim on White on the 28th of August, 1972. White failed to answer the cross-claim, and the district court entered a default judgment against him in the amount of $37,500 in favor of Suburban Sales & Service; $12,600 in favor of Clair L. Young, Jr.; $3,600 in favor of Shirley R. Young; and $39,750 in favor of Clair L. Young, Jr., and Lloyd H. Young, individually and as a copartnership known as Young's Auto Parts.

"On March 14, 1977, the Ramsey County sheriff levied on the judgment and against the real estate of White; a notice of sale was published for a sheriff's sale to commence on April 12, 1977. White filed a declaration of homestead with respect to his property and the lien of the judgments on that property on March 22, 1977. The validity of that claim of exemption was denied by the Ramsey County district court on April 12, 1977, and a rehearing was denied on September 20, 1977. An appeal was taken, and in an opinion dated June 28, 1978, this court held that the appeal was not timely and proper. The court also observed that while it was not necessary to rule on the homestead exemption, the reasoning of the trial court denying the exemption was persuasive. See *Young v. White,* 267 N.W.2d 799 (N.D.1978)

"Subsequent to this court's decision in *Young v. White, supra,* on August 18, 1978, White filed a motion under Rule 60(b)(6), N.D.R.Civ.P., to vacate the judg-ment dated and entered on October 13, 1972, in favor of the petitioners and against White. The initial hearing on the Rule 60(b) motion was held on November 9, 1978, before Judge Larry M. Hatch, assigned by this court to hear the motion. At that time the district court entered an order permitting White to take depositions in support of his motion for the court to consider along with the remainder of the record. On July 21, 1979, the district court granted White's motion to vacate the judgment entered on October 13, 1972. The Youngs requested a rehearing, which was granted by the district court and held on September 6, 1979. The district court on November 21, 1979, again granted White's motion to vacate the judgment dated October 13, 1972, but held the judgment in the main action brought by Ramsey National Bank against the Youngs and White would not be set aside. The district court further ordered that White's property could not be conveyed or encumbered pending further proceedings. The district court's order was entered on December 19, 1979, and Suburban Sales petitioned this court on January 18, 1980, for a superintending writ."

In *Suburban Sales v. District Court of Ramsey County, supra,* this Court declined to exercise superintending control over the district court. Although the question of the court's jurisdiction to exercise its superintending authority was decisive, and although noting that the order of the trial court vacating the default judgment could be reviewed on appeal from a judgment on the merits, because both parties had briefed and argued the issues on the merits, in the interests of judicial economy and in order to avoid a repetition of these arguments should there be an appeal from a judgment on the merits, we considered the merits and concluded that the trial court did not abuse its discretion in vacating the default judgment.

instant appeal, in November 1980 the Youngs petitioned this Court to exercise superintending control over the district court. That petition was denied without opinion.

Following our decision in *Suburban Sales v. District Court of Ramsey County, supra,* the matter proceeded to trial. At trial, the plaintiff Suburban Sales and the Youngs called eight witnesses and presented 44 exhibits and the defendant White called six witnesses and presented 13 exhibits. The jury returned a verdict in favor of Suburban Sales & Service, Clair L. Young, Jr., and Lloyd H. Young, d/b/a Young's Auto Parts, a co-partnership[2] and against John R. White in the sum of forty-four thousand dollars ($44,000). Judgment was entered on July 1, 1981, for the sum of forty-five thousand eighty dollars and twenty cents ($45,-080.20), which sum included costs and disbursements.

Following entry of judgment both parties filed for post-judgment relief. The Youngs moved for a judgment notwithstanding the verdict seeking to increase the amount of damages from $44,000 to $59,292.08 plus interest. In the alternative, the Youngs moved pursuant to Rule 60, N.D.R.Civ.P., to set aside the judgment and reinstate the judgment entered by default on October 13, 1972, which had been vacated by order of the court on July 21, 1979. White moved to amend the judgment pursuant to Rule 59(j), N.D.R.Civ.P., seeking a reduction of the verdict. White also moved for a new trial.

In separate orders dated December 31, 1981, the district court denied all motions by the parties for post-judgment relief. From the judgment of July 1, 1981, and from the order denying their motion for judgment notwithstanding the verdict, or in the alternative for relief under Rule 60, N.D.R.Civ.P., the Youngs have appealed.

The Youngs raise three issues on appeal: 1) Whether or not the district court abused its discretion when it vacated the judgment entered on October 13, 1972. 2) Whether or not the district court abused its discretion when it denied the Youngs' motion for judgment notwithstanding the verdict.

3) Whether or not the district court abused its discretion when it denied the Youngs' motion for post-judgment relief pursuant to Rule 60, N.D.R.Civ.P.

The issue of whether or not the district court abused its discretion when it vacated the judgment entered on October 13, 1972, was addressed by this Court in our decision of *Suburban Sales v. District Court of Ramsey County, supra.* Although there had not yet been a trial on the merits at the time we issued our opinion in *Suburban Sales v. District Court of Ramsey County, supra.* Although there had not yet been a trial on the merits at the time we issued our opinion in *Suburban Sales v. District Court of Ramsey County, supra,* we stated:

"... in view of the fact that both parties [had] briefed and argued the issues on the merits as well as on the question of the court's jurisdiction to exercise its superintending control, we [would] consider the merits in the interest of judicial economy and in order to avoid a repetition of these arguments should there be an appeal from a judgment on the merits." 290 N.W.2d at 251.

Nevertheless, essentially the same arguments have been repeated on appeal from the judgment on the merits.

In *Suburban Sales v. District Court of Ramsey County, supra,* we concluded that the district court did not abuse its discretion when it granted White's motion to vacate the judgment entered against him on October 13, 1972. The arguments presented in the instant appeal have not persuaded us to alter our conclusion.

■ A trial court has discretionary power to determine whether or not a defendant shall prevail on a motion to set aside a default judgment, and absent an abuse of discretion, the determination will

---

**2.** The jury verdict was returned "... in favor of the Plaintiffs, Suburban Sales & Service, Clair L. Young, Jr., and Lloyd H. Young, dba Young's Auto Parts, a Co-Partnership, and against the Defendant, John R. While, ..." No verdict was returned in favor of the remaining persons whose names appear as plaintiffs in the title of this action. The claim of Shirley C. Young was dismissed at trial and Shirley C. Young and Catherine P. Young were subsequently dismissed as parties to the action.

not be altered on appeal. *City of Bismarck v. Muhlhauser,* 234 N.W.2d 1 (N.D.1975); *King v. Montz,* 219 N.W.2d 836 (N.D.1974). Abuse of discretion by the trial court is never assumed and must be affirmatively established. *Klitzke v. Klitzke,* 308 N.W.2d 385 (N.D.1981); *City of Grand Forks v. Grand Forks Herald, Inc.,* 307 N.W.2d 572 (N.D.1981). A trial court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner. *O'Connor v. Northern States Power Co.,* 308 N.W.2d 385 (N.D.1981); *Moser v. Wilhelm,* 300 N.W.2d 840 (N.D.1980).

■ The Youngs argue that, in light of what transpired at the subsequent trial—i.e., the fact that White claimed to have meritorious defenses when he moved to vacate the judgment of October 13, 1972, but then did not prevail on those defenses at trial—the trial court abused its discretion when it ordered the October 13, 1972, judgment vacated. However, the determination of whether or not the trial court abused its discretion when it granted White's motion to vacate the judgment must be viewed in light of the facts in existence at the time the decision to vacate was made. The trial court did not abuse its discretion in the instant case when it made its decision to vacate the default judgment of October 13, 1972, because of: (1) the findings that White had received inadequate assistance from counsel and that White continued to rely on his counsel's advice until as late as 1977 and was not offered a free, calculated, and deliberate choice as to the options available to him until August, 1978; (2) the fact that White had made allegations of meritorious defenses; (3) the fact that no notice of the application for judgment by default had been served on White or his attorney as required by Rule 55(a)(3), N.D.R.Civ.P.; and, (4) the policy favoring trial of cases on their merits.

■ The Youngs' motion for judgment notwithstanding the verdict, which sought to increase the amount of damages awarded from $44,000 to $59,292.08, was denied by the trial court. A motion for judgment notwithstanding the verdict is directed to the sound discretion of the trial court and the trial court's ruling thereon will not be overturned on appeal unless it is clear that there was a manifest abuse of discretion. *Falkenstein v. City of Bismarck,* 268 N.W.2d 787, 790 (N.D.1978). In ruling on a motion for a judgment notwithstanding the verdict the court must decide if the evidence, viewed most favorably to the party against whom the motion is made, and giving the party the benefit of all reasonable inferences from the evidence, compels a result with which no reasonable person might differ. *Dahlen v. Landis,* 314 N.W.2d 63 (N.D.1981).

■ Where the evidence is in conflict and reasonable men might draw different conclusions on the evidence, judgment notwithstanding the verdict should not be granted. If there is sufficient evidence to sustain the jury's verdict, judgment notwithstanding the verdict should not be granted. *Riebe v. Riebe,* 252 N.W.2d 175 (N.D.1977). Before this Court will interfere with an award of damages, the award must be so excessive or inadequate as to be without support in evidence. *Johnson v. Monsanto Co.,* 303 N.W.2d 86, 91 (N.D.1981).

■ Our review of the record discloses that the trial court did not abuse its discretion when it denied the Youngs' motion for judgment notwithstanding the verdict. At trial, Suburban Sales and the Youngs called eight witnesses and presented 44 exhibits, while White called six witnesses and presented 13 exhibits. A great deal of testimony as to damages was offered. It is within the province of the jury to weigh evidence and determine credibility of witnesses, and if there is sufficient evidence to sustain the jury's verdict, judgment notwithstanding the verdict should not be granted. *Riebe, supra.* Furthermore, the determination of the amount of damages is peculiarly within the province of the jury. Such determination rests largely in its discretion. *Dahlen v. Landis,* 314 N.W.2d 63, 67–68 (N.D.1981) citing *Johnson v. Monsanto Co.,* 303 N.W.2d 86, 92 (N.D. 1981). Sufficient evidence was introduced at trial to sustain the jury's verdict and

therefore the trial court did not abuse its discretion when it denied the Youngs' motion for judgment notwithstanding the verdict.

■ Finally, the trial court did not abuse its discretion when it denied the Youngs' motion for relief from the judgment made pursuant to Rule 60, N.D.R. Civ.P. Through this motion the Youngs sought to have the July 1, 1981, judgment vacated and the judgment entered on October 13, 1972, reinstated. By reinstating the October 13, 1972, judgment, the Youngs hoped to reestablish the priority of their judgment lien against other creditors of White.

Apparently the Youngs are seeking to have the judgment of July 1, 1981, vacated pursuant to the provisions of Rule 60(b), N.D.R.Civ.P. Although the Youngs do not specify which subdivision of Rule 60(b) should be applied, their argument appears to be that the July 1, 1981, judgment should be set aside and the October 13, 1972, judgment reinstated in order to avoid an inequitable result. They argue that even though they have prevailed on the merits they will not be able to collect on their judgment due to the claims of other creditors, a discharge in bankruptcy, and a claim of homestead by White. If the October 13, 1972, judgment is reinstated, the Youngs contend that they would have priority over other creditors of White and thus be able to collect on their judgment. The Youngs argue that they have done nothing wrong in this matter and that they have been defeated not on the merits but by the procedural maneuvers of White. The Youngs assert that setting aside the judgment of October 13, 1972, has effectively rendered their claim against White uncollectible and thus is tantamount to a denial of justice. We disagree.

■ Our review of a trial court's order denying a Rule 60(b), N.D.R.Civ.P., motion is limited to the question of whether or not the trial court abused its discretion when it denied the motion. *State Bank of Towner, Inc. v. Rauh*, 288 N.W.2d 299 (N.D.1980). The Youngs' contention that they should not be punished because of the neglect of White's counsel is still not without merit. *See, Suburban Sales v. District Court of Ramsey County, supra*, 290 N.W.2d at 255. However, no abuse of discretion has been shown and no denial of justice has occurred.

■ Different standards of discretion are applied in cases where the court is asked to reopen a default judgment pursuant to Rule 60(b), N.D.R.Civ.P., than in cases which have been fully tried, appealed, and finally determined. *City of Wahpeton v. Drake-Henne, Inc.*, 228 N.W.2d 324, 330 (N.D.1975). The parties here have had their trial on the merits. Where a decision on the merits is being challenged, a key factor which will mitigate against the interference with such judgment is the policy which favors the finality of judgments once rendered. *Gajewski v. Bratcher*, 240 N.W.2d 871, 887 (N.D.1976).

In *Gajewski v. Bratcher, supra*, 240 N.W.2d at 887, this Court stated "... that judgments on the merits of a dispute, once rendered by this court on appeal, after becoming final, should be set aside under Rule 60(b) only in exceptional circumstances where the application of equitable principles demands that such an extraordinary remedy be used to prevent an injustice from occurring." The judgment on the merits will not be disturbed on this appeal and the judgment issued by the trial court on July 1, 1981, will be a final judgment. No exceptional circumstances exist and no injustice will be prevented from occurring by denying the Youngs' Rule 60(b) motion to vacate the judgment of July 1, 1981, and to reinstate the judgment of October 13, 1972.

In its ruling on the Youngs' motion, dated November 18, 1981, the trial court stated as follows:

"Plaintiffs ask that I reinstate the judgment of October 13, 1972. That judgment was in excess of ninety-three thousand. After the trial on the merits, the jury returned a verdict in the sum of $44,000.00, a difference of over $49,000.00 from the default judgment. I know of no authority that would permit me to rein-

state the ninety-three thousand dollar verdict and must deny the motion of Plaintiffs for such relief."

We agree that the motion was properly denied.

The Youngs were not totally innocent of any procedural wrongdoing when the default judgment of October 13, 1972, was entered. They failed to serve notice of application for default judgment upon White or his attorney as required by Rule 55(a)(3), N.D.R.Civ.P. Furthermore, the fact that the judgment in this case may not be collectible does not amount to a denial of justice. Our review of the record indicates no abuse of discretion by the trial court in denying the Youngs' motion for relief pursuant to Rule 60(b), N.D.R.Civ.P.

For the reasons stated in this opinion, the judgment and the order of the district court are affirmed.

ERICKSTAD, C.J., and PEDERSON, VANDE WALLE and SAND, JJ., concur.