In the Matter of the Application for Disciplinary Action against David GARCIA, a member of the Bar of the State of North Dakota.

GRIEVANCE COMMISSION, Petitioner,

v.

David GARCIA, Respondent.

No. 9170.

Supreme Court of North Dakota.

June 29, 1976.

Dennis A. Schneider, Bismarck, for Grievance Commission, petitioner.

David Garcia, pro se.

VOGEL, Justice.

This is a disciplinary proceeding against David Garcia, a member of the Bar of this State. He was admitted to practice on July 15, 1955.

Various allegations against him were investigated by a disciplinary committee of the State Bar Association of North Dakota and the Grievance Commission of this court. We referred the matter to a referee, the Honorable Robert L. Eckert, judge of the third judicial district, and he made findings of fact, conclusions, and recommendations. The matter was argued before us by Mr. Garcia, appearing in his own behalf, and by an attorney for the Grievance Commission.

We will briefly summarize the facts on the four charges against Mr. Garcia which the referee found to be substantiated.

On January 25, 1973, Mr. Garcia accepted $350 as a retainer to represent Everett Whitesides in a criminal case in justice court. After obtaining three continuances of the hearing, he failed to appear at the time set for hearing on April 2, 1973, and failed to notify his client of the hearing. As a consequence, Mr. Whitesides' bail of $175 was forfeited. Mr. Garcia failed to notify him of his right to appeal and have a new trial. However, Mr. Whitesides heard of the matter from newspaper reports and got in touch with the county justice and perfected his own appeal on the last day allowed for doing so. He then obtained a new attorney, who tried the case anew in the district court, where Mr. Whitesides was acquitted. During the time this matter was being investigated, Mr. Garcia refunded the $350 to Mr. Whitesides but not the $175 which he told us at the time of the hearing in this court he "assumed" had been refunded to Mr. Whitesides by the court.

In January, 1970, Mr. Garcia was hired by Spragues' Incorporated to represent the corporation in a dispute over legal fees with another law firm in Devils Lake. A default judgment had been entered against Spragues' Incorporated due to failure of its agent for service of process to notify it of an action commenced against it by the law firm. Representatives of Spragues' Incorporated testified, on the basis of correspondence and memoranda, that Mr. Garcia had been retained to seek to have the default judgment reopened so that the case could be defended on the merits and that Mr. Garcia failed to keep them informed of subsequent developments or to take any action whatever. It appears that Spragues' Incorporated could have settled the matter for $4,000 both before and after retaining Mr. Garcia to represent it. Because of inaction by Mr. Garcia, it lost the opportunity to settle for $4,000 or possibly to have the judgment reopened. Mr. Garcia's excuse was that he had made arrangements with the other law firm to act as "receiver" or, more properly, escrow agent for the $5,000 in dispute and that thereafter he could not properly represent Spragues' Incorporated. However, he admits that he never advised Spragues' Incorporated of his dual function or that he was no longer representing it and failed to obtain its consent to any dual representation. The upshot of the matter was that the $5,000 in his hands was levied upon by the law firm and Spragues' Incorporated never was heard upon the merits and lost its opportunity to settle the dispute for $4,000.

In October, 1972, Mr. Garcia was retained by Mr. and Mrs. Melvin Pederson to repre-

sent them in a dispute with the manufacturer of a mobile home which they were purchasing but was not then occupied by them, due to fire damage. He advised the Pedersons to discontinue payments on the mobile home. Thereafter, it was repossessed by the seller. No action was ever taken by Mr. Garcia. He had received no retainer from the Pedersons, apparently agreeing to represent them on a contingency basis. The mobile home was lost.

Mr. Garcia was retained by Julianne Keller to represent her in a divorce case. He commenced the action and a counterclaim was interposed. His client moved to Wisconsin. The trial was set for December 30, 1974, and Mr. Garcia was so advised in early December, at the latest. He wrote a letter to his client dated December 24, 1974, advising her of the date of the hearing. She denies having received the letter and did not appear at the hearing, and neither did her attorney. Apparently the letter was lost in the Christmas mail rush. Judgment was entered against Mrs. Keller by default. Mr. Garcia had accepted attorney fees in the amount of $450 to represent her. She never was advised by telephone of the date of the hearing, nor was she advised by mail or telephone of the entry of judgment against her. Mr. Garcia said he assumed she decided not to proceed with the litigation and therefore did not appear for the hearing.

The referee concluded that Mr. Garcia violated Canon 6 of the Code of Professional Responsibility, which requires that a lawyer represent his client competently, in the Whitesides, Spragues' Incorporated, and Pederson matters, and that he violated Canon 7, requiring him to represent a client zealously within the bounds of the law, in the Whitesides, Spragues' Incorporated, Pederson, and Keller matters. We agree and so find.

It is obvious that Mr. Garcia has failed to keep his clients informed as to the progress of the matters entrusted to him, and has failed to represent them adequately in some cases, although he has the ability to do so.

The referee recommended that Mr. Garcia be required to repay the $175 bail bond forfeited in the Whitesides matter, the $1,000 loss of Spragues' Incorporated due to the loss of an opportunity to settle the case at a $1,000 saving, and the $450 attorney fee paid by Mrs. Keller. We have been informed that the $175 bail bond was in fact repaid to the client by the justice court, so Mr. Garcia need not pay the $175. It is ordered that the other sums be paid by him.

The referee recommended that Mr. Garcia's license to practice law be suspended until such time as the specified payments are made and that he be publicly censured for violations of the Code of Professional Responsibility.

We have carefully considered that matter and have concluded that the violations of the Code of Professional Responsibility are so serious that censure alone would be an inadequate response. We therefore order that Mr. Garcia's certificate of admission and license to practice law in this State be suspended for a period of thirty days after the date of this opinion and, if the sums specified above have not been repaid within such thirty-day period, until they are repaid and proof of such payment is submitted to this court.

It is also ordered that he pay to the Grievance Commission the costs of the proceedings against him, in the amount of $2,402.41. If arrangements are not made with the chairman of the Grievance Commission before the end of the thirty-day suspension period, for the payment of the costs in installments, and an agreement to that effect is not filed with the clerk of the Supreme Court, the suspension shall continue until the costs are paid in full.

The suspension shall commence immediately.

PAULSON, Acting C. J., and PEDERSON and SAND, JJ., and FREDRICKS, District Judge, concur.

FREDRICKS, District Judge, sitting for ERICKSTAD, C. J., disqualified.