In the Matter of the Application For DISCIPLINARY ACTION AGAINST David GARCIA, a Member of the Bar of the State of North Dakota.

DISCIPLINARY BOARD OF the SUPREME COURT of the State of North Dakota, Petitioner,

v.

David GARCIA, Respondent.

Civ. No. 10745.

Supreme Court of North Dakota.

April 19, 1985.

court administrator or other appropriate official for forwarding to the appropriate court."

16. op. cit.

Vivian E. Berg, Staff Counsel for the Disciplinary Bd. of the Supreme Court, Bismarck, for petitioner.

Garcia & Garcia, Devils Lake, for respondent argued by David Garcia, pro se.

GIERKE, Justice.

This is a disciplinary proceeding brought against David Garcia, an attorney engaged in the practice of law at Devils Lake. The hearing panel of the Disciplinary Board of the Supreme Court, following formal proceedings, entered its recommendation that Garcia be suspended from the practice of law for 90 days and that he be required to pay the expenses of the disciplinary proceedings.

On February 22, 1982, Robert Ludwig filed a letter of informal complaint with the Disciplinary Board alleging misconduct by Garcia. Ludwig had contacted Garcia in November of 1980 to revise his will and handle a stepparent adoption. Garcia accepted the employment and received a $200 retainer from Ludwig.

Ludwig subsequently contacted Garcia on numerous occasions requesting that the work be done. On one occasion, Ludwig telephoned Garcia and was told that papers were ready for his signature. When Ludwig offered to travel from his home in Rugby to Garcia's office in Devils Lake to sign the papers, Garcia said that he would mail them to Ludwig. The documents were never sent to Ludwig. On July 15, 1981, Ludwig wrote to Garcia and informed him that he was going to contact another lawyer to complete the will and adoption, and he requested that Garcia return his documents and the retainer. At that time, nearly eight months had passed and Garcia had presented no work to his client. Garcia did not respond to Ludwig's July 15 letter.

In November 1981, Ludwig saw Garcia in Rugby. Ludwig again requested that Garcia return all of his papers and the retainer so that the work could be completed by another attorney. Although one year had passed since he had accepted the employment, Garcia for the first time informed Ludwig that he had lost the file and had not performed any of the work. Garcia promised to refund the retainer and to re-

turn all of Ludwig's papers when the file was finally located.

Nearly one month later, Garcia still had not refunded the $200 retainer. Ludwig wrote to Garcia on December 18, 1981, and again requested that the retainer be refunded and that the papers be returned. Garcia failed to respond. By this time, Ludwig had contacted another attorney to handle the adoption and to redraft his will. The attorney wrote to Garcia requesting papers contained in Garcia's file, but Garcia failed to respond to this inquiry.

Upon being notified that Ludwig had filed a complaint with the Disciplinary Board, Garcia responded by letter to disciplinary counsel and admitted all matters in the complaint. The Inquiry Committee East recommended commencement of formal disciplinary proceedings, and a summons and complaint were duly served. The matter was heard before a hearing panel of the Disciplinary Board on January 10 and June 4, 1984. Garcia refunded the $200 retainer to Robert Ludwig in February 1984.

The hearing panel issued its findings, conclusions, and recommendations on July 5, 1984. The panel made the following conclusions and recommendations:

"1. That the respondent David Garcia was in violation of Canon 1–102(A)(4) in that his actions involved misrepresentation and deceit because of his representations to Ludwig that he had the papers completed when they were not and that he would return the papers and he did not and that he would pay the money back which he did not. The panel, however, concludes that no fraud was involved.

"2. That the respondent David Garcia was in violation of Canon 2–110(A)(3) because of his failure to do the work he agreed to do, because of his failure to cooperate with Mr. Ludwig's new counsel by not responding to requests from that counsel, and because of his failure to return the fee to Mr. Ludwig.

"3. That the respondent David Garcia was in violation of Canon 6–101(A)(3) be-

cause of the time element involved, because of his failure to respond to Mr. Ludwig's requests, because he never completed the work, and because he never refunded the fee paid until after the filing of the grievance by Mr. Ludwig.

"4. That the defendant David Garcia was in violation of Canon 9–102(B)(4) in that he failed to return the original will and the other documents requested by Mr. Ludwig and because of his failure to respond to requests made by and on behalf of Mr. Ludwig.

"5. It is the recommendation of the panel that the respondent David Garcia be required to pay the costs incurred in the processing of this complaint.

"6. It is the further recommendation of the panel that the license of David Garcia to practice law be suspended for 90 days."

 Our review in disciplinary proceedings against attorneys is de novo on the record, and the standard of proof required is clear and convincing evidence. *In the Matter of Lovell*, 292 N.W.2d 76, 82 (N.D.1980). In reviewing the record, we accord due weight to the findings, conclusions, and recommendations of the hearing panel, which had the opportunity to observe the demeanor of the witnesses. *In the Matter of Maragos*, 285 N.W.2d 541, 546 (N.D.1979).

Garcia contends that the hearing panel disregarded evidence and testimony presented by him, and that its findings and conclusions are therefore incomplete and erroneous. Specifically, Garcia refers to his revelation at the continued hearing on June 4, 1984, that he had finally located the file and that its contents indicated that he had in fact earned the $200. Garcia asserts that the file, when finally located, contained a redrafted will for Robert Ludwig and a time sheet indicating that Garcia had spent two hours working on the file. Even if Garcia did prepare the will in late 1980, as the file indicates, that does not justify his refusal to return the money after he had promised he would, his loss of Ludwig's file for three and one-half years,

and his failure to notify Ludwig of the loss of the file. Discovery of the file and its contents some three and one-half years after the fact is irrelevant to the issues of misrepresentation, deceit, neglect, and conversion of client funds raised in these proceedings.

■ We have thoroughly reviewed the record in this matter, and we conclude that there is clear and convincing evidence that: (1) Garcia misrepresented to Ludwig that he had papers completed and ready for Ludwig's signature, Garcia misrepresented that he would return the papers when the file was in fact lost, and Garcia misrepresented that he would refund the money, all in violation of DR 1–102(A)(4); (2) Garcia, after having been discharged by Ludwig, refused to refund the unearned retainer, in violation of DR 2–110(A)(3); (3) Garcia neglected a legal matter entrusted to him, in violation of DR 6–101(A)(3); and, (4) although requested to do so, Garcia failed to return Ludwig's documents and refused to refund the retainer, in violation of DR 9–102(B)(4). We conclude that Garcia's conduct was clearly in violation of the Code of Professional Responsibility.

Garcia next contends that he was never advised of the disposition of the informal complaint as required by Rule 9(b), N.D.R.D.P., and that he therefore was unaware that the Inquiry Committee had considered his disciplinary history. Garcia contends that his due process rights were thereby violated.

■ Garcia's argument is essentially two-pronged. First, he contends that he was not advised of the disposition of the informal complaint. Pursuant to Rule 9(a), N.D.R.D.P., the Disciplinary Board, after receiving the report of the Inquiry Committee, has four alternatives: it may remand the matter for further investigation, dismiss the complaint, issue a private reprimand, or institute formal disciplinary proceedings by directing disciplinary counsel to file a formal complaint. In this case, the Disciplinary Board determined that formal proceedings were warranted, and a formal complaint was filed and served upon Gar-

cia. Service of the formal complaint constituted notice to Garcia that the informal complaint had been disposed of by commencement of formal proceedings.

The second part of Garcia's due process argument is that the alleged failure to advise him of the disposition of the informal complaint somehow deprived him of "the right to state his position" regarding his disciplinary history. However, pursuant to Rule 8(c), N.D.R.D.P., the disciplinary history of a respondent attorney may be considered by the investigator appointed by the Inquiry Committee in making recommendations to the Committee, and the disciplinary history becomes part of the record of the case. Garcia was therefore put on notice by the rule that his disciplinary history would be considered by the Inquiry Committee. Garcia was afforded an opportunity to appear before the Inquiry Committee and specifically waived his right to do so.

■ We further note that allegations concerning Garcia's disciplinary history were included in the formal complaint, and Garcia was afforded the opportunity to challenge any inaccuracies therein during the formal hearings before the panel appointed by the Disciplinary Board. We conclude that due process was afforded Garcia in these proceedings.

Garcia next contends that he should not be assessed costs which were incurred in investigating and prosecuting allegations in the formal complaint which were subsequently stricken on Garcia's motion. Although the hearing panel recommended that Garcia be required to pay the expenses of the disciplinary proceedings, those costs have not yet been assessed. Under Rule 10(K) of the Procedural Rules of the Disciplinary Board, the Board is required to file a statement of all expenses incurred in relation to the prosecution of the complaint "within 10 days after completion of the prosecution of the formal complaint." We construe the quoted language as meaning that the statement of expenses must be filed within 10 days after final disposition

of the disciplinary proceedings in this Court.

 We therefore conclude that Garcia's argument regarding assessment of costs is premature. The Board has not yet filed its statement of expenses incurred in prosecuting this complaint, and will not be required to do so until after final disposition. Rule 10(K) affords Garcia a method to object to any items which he feels were unnecessarily incurred. Any objection, however, must be made after the Board files its statement of expenses with the Clerk of this Court in accordance with Rule 10(K).

Finally, Garcia contends that the facts of this case do not warrant a 90-day suspension. We have previously stated, however, that conversion of a client's funds is one of the least excusable acts of misconduct for which a lawyer can be disciplined. *In the Matter of Jaynes,* 278 N.W.2d 429, 435 (N.D.1979); *In the Matter of Walton,* 251 N.W.2d 762, 763 (N.D.1977). Garcia's conduct was particularly flagrant in this case. After Ludwig requested a refund when Garcia had not done the work, Garcia continually promised to return the money but did not do so for over three years. It should not require institution of disciplinary proceedings to convince an attorney to return a client's funds which the attorney admittedly has not earned.

We are also aware of Garcia's disciplinary history. We particularly note that Garcia's prior suspension, in 1976, also involved misappropriation of clients' funds, failure to keep clients informed as to the progress of matters entrusted to him, and failure to adequately represent clients. *See In the Matter of Garcia,* 243 N.W.2d 383 (N.D.1976). We can only conclude that Garcia still has much to learn regarding an attorney's ethical duties toward his clients, and any discipline short of a significant suspension would constitute a failure by this Court to discharge our duty to adequately protect the public, which is our primary concern in disciplinary proceedings. *In the Matter of Maragos, supra,* 285 N.W.2d at 547.

It is hereby ordered that David Garcia's certificate of admission and license to practice law in this state be suspended for a period of 90 days. The suspension shall commence on June 1, 1985, and in the interim Garcia shall fully comply with the notification procedures for suspended attorneys pursuant to Rule 14 of the North Dakota Rules of Disciplinary Procedure. It is further ordered that Garcia pay the expenses incurred in these disciplinary proceedings.

GIERKE, Acting C.J., MESCHKE, LEVINE and VANDE WALLE, JJ., and BEEDE, District Judge, concur.

BEEDE, District Judge, sitting in place of ERICKSTAD, C.J., disqualified.